Richard BARTON, Independent Executor of the Estate of Clyde
E. Gillespie, Appellant,

v.

Lora A. GILLESPIE and Jerry
Hayes, Appellees.

No. 01–04–00890–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 30, 2005.

Paul Randall Koenig, Baytown, TX, for Appellant.

Maroulia Lynn Pontikas, Martin, Garza & Fisher, LLP, Galveston, Christina Shropshire Tillinger, Gregory B. Enos, The Enos Law Firm, P.C., Webster, TX, for Appellees.

Panel consists of Justices NUCHIA, KEYES, and BLAND.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Richard Barton, Independent Executor of the Estate of Clyde E. Gillespie, appeals the trial court's modification of judgment in favor of appellees, Lora A. Gillespie (Wife) and Jerry Hayes. In his sole issue, appellant asks this Court to set aside and find void the portion of the Final

Decree of Divorce Nunc Pro Tunc that changes Clyde E. Gillespie's (Husband) award of a money judgment and an equitable lien against Wife's interest in the disputed property.

We affirm.

## Background

This appeal arises from a divorce. Husband and Wife agreed on all issues except ownership of a piece of property located in Hobbs, New Mexico (Hobbs Property). Jerry Hayes (Intervenor), an appellee in this case and Wife's son, intervened in the divorce suit to protect his interest in the Hobbs Property. Intervenor lived on the Hobbs Property and paid the mortgage, taxes, insurance, and maintenance for a number of years. A bench trial was conducted in March 2002 concerning the ownership of the Hobbs Property.

At the end of August 2002, the trial court wrote and faxed a letter to Husband, Wife, and Intervenor regarding its disposition of the Hobbs Property. The letter stated:

> The Court finds that the property located ... in Hobbs, New Mexico, belongs one-half to the community estate of [Husband] and [Wife] and one-half to [Intervenor].
>
> The Court further finds that on the date of the divorce, the fair market value of the real property was $260,000....
>
> The Court further finds that the estate of [Husband] is entitled to a judgment of $65,000.00 from the estate of [Wife] and is awarded a lien on the property located at ... Hobbs, New Mexico....
>
> The Court further orders that [Husband's] community interest in the property be sold.

The trial court instructed Husband's attorney to draft the divorce decree and submit it to opposing counsel.

On September 30, 2002, the trial court conducted a hearing and signed the "Final Decree of Divorce." The relevant portions of the Final Decree of Divorce stated:

### Provisions Dealing with the Sale of Residence

IT IS FURTHER ORDERED AND DECREED that the [Hobbs] property and all improvements ... shall be sold under the following terms and conditions ...

The property shall be listed for a minimum sales price of $260,000 ...

Sixty–Five Thousand Dollars and no/100 ($65,000.00) plus interest ... to [Husband] in full satisfaction of the judgment against [Wife] awarded herein, ...

One-third of the remaining net proceeds to [Husband], and ... The remaining net proceeds less the real property taxes owed against the property to date of judgment to [Intervenor].

### *Equitable Interest Lien Against [Wife] for Discharge of Debt*

IT IS DECREED that the estate of [Husband] is entitled to reimbursement from the estate of [Wife] and that [Husband] is entitled to a judgment of $65,000.00, secured by an equitable lien on the [Hobbs Property]. IT IS THEREFORE ORDERED AND DECREED that [Husband] is awarded a judgment of $65,000.00 against [Wife]. To secure payment of the judgment, [Husband] is granted an equitable lien on the separate property of [Wife's interest in the Hobbs Property].

The Final Decree of Divorce was not challenged with a motion for new trial by any party. Instead, on October 7, 2002, Intervenor requested findings of fact and conclusions of law. On October 22, 2002, the trial court signed and filed its findings

of fact and conclusions of law. The trial court's findings of fact provide:

During the marriage [Husband] and [Wife] acquired the [Hobbs Property] other than by gift or inheritance ...

On the date of divorce, the fair market value of the [Hobbs Property] was $260,000.00.

...

On the date of divorce, the [Hobbs Property] was owned 1/2 by [Husband] and [Wife] as community property and 1/2 by Intervenor.

On November 27, 2002, the trial court conducted a hearing because "this judge didn't carefully read the judgment that she signed. And because there are things in the judgment that the Court did not order. And we are here to try to figure out how to fix it." The following discourse took place:

[Husband's Counsel]: It is my position, your Honor, that if this judgment does not contain what you've intended it to, it was drafted by me based on how I read the rendition that his court rendered in this case. And it is my position that if there's a perceived error in the judgment, it's a judicial error ... not a clerical error [and] cannot be corrected by a judgment nunc pro tunc.

...

Judgment in this case was signed on September the 20th of 2002, with the plenary power expiring then on October the 20th 2002 is my understanding.

No motions were filed during that plenary period

...

[Trial Court]: But nowhere in my rendition did I order the property sold.

Based on *Electronic Power Design, Inc. v. R.A. Hanson,*[1] intervenor argued that the trial court's plenary power was extended because he had filed a request for findings of fact and conclusions of law. The trial court concluded the hearing by granting, on its own motion, a new trial to "correct a judicial error." The trial court stated it based its decision on *Electronic Power.*

Husband sought a writ of mandamus from the court of appeals to order the trial court to vacate its November 27, 2002 order setting aside the divorce decree because the trial court no longer had plenary power to act. *See In re Gillespie,* 124 S.W.3d 699, 701–02 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding). The court of appeals denied the writ of mandamus and motion to dismiss. *Id.* at 701. The court held that a trial court's plenary power is not extended by a request for findings of fact and conclusions of law. *Id.* at 703. The court then overruled *Electronic Power* to the extent that it held that a request for findings of fact and conclusions of law extends the trial court's plenary power. *Id.* at 704. The court of appeals concluded by stating, "We are confident the trial court will reconsider its order in light of our conclusion, that a request for findings of fact and conclusions of law does not extend a court's plenary power." *Id.* at 704–05.

Relying on the court of appeals's opinion regarding his mandamus, Husband filed a motion to vacate the trial court's order granting a new trial. The trial court granted the order on April 7, 2004.

In June 2004, Intervenor filed a motion for judgment nunc pro tunc because the Final Decree of Divorce signed on September 20, 2002, contained two incorrect provisions. First, the judgment orders the entire Hobbs Property sold. Second, it orders one-third of the remaining proceeds from the sale to go to Husband,

1. 821 S.W.2d 170 (Tex.App.-Houston [14th Dist.] 1991, no writ).

above his interest in the property. Intervenor contended that neither of these provisions was included in the judgment rendered by the trial court.

In July 2004, the trial court held a hearing on Intervenor's motion for judgment nunc pro tunc.

[**Trial Court**]: First of all it was very clear in my letter that I was ordering only [Husband's] interest sold. I don't believe that.... And as I also said, I don't know that it was on the record before, I did not read the decree word for word at the time that I sold it—signed it. But it was my intention to only require [Husband's] interest sold.

. . .

[E]ssentially what the Court had intended was that [Husband] would get $65,000 cash, that on the payment of that, [Wife] would own half of the property and [Intervenor] would own half the property.

. . .

It's my understanding, is it not, [Husband's counsel], that you're willing to agree that the portion regarding the sale would be clerical error?

[**Husband's Counsel**]: Yes, ma'am.

[**Trial Court**]: I can sign, without a doubt, sign an order that orders only [Husband's] interest in the property sold.

. . .

[**Intervenor's Counsel**]: So by granting the equitable lien ... did you mean to award an additional $65,000?

[**Trial Court**]: No.

While the parties agreed that the provision ordering the sale of the house was a clerical error, the parties did not come to an agreement regarding the error granting Husband a total of $130,000, instead of $65,000.

At the end of the hearing, the trial court made hand-written changes to the Final Decree of Divorce Nunc Pro Tunc and signed it on July 19, 2004. The Final Decree of Divorce Nunc Pro Tunc stated:

IT IS DECREED that to effectuate the sale of [Husband's] interest in the property in Hobbs, New Mexico ... [Husband] is entitled to a judgment of $65,000, secured by an equitable lien on the property located at ... Hobbs, New Mexico. IT IS THEREFORE ORDERED AND DECREED that [Husband] is awarded a judgment of $65,000 against [Wife]. To secure payment of the judgment, [Husband] is granted an equitable lien on the separate property of [Wife], ... Hobbs, New Mexico, until the entire judgment, plus accrued interest, is paid in full.... Upon payment of the above judgment, [Husband] shall be divested of his undivided one-fourth interest in the [Hobbs Property] and the equitable lien shall be released.

This appeal followed.

### Discussion

We construe appellant's argument to be that the trial court relieved Wife of her obligation to pay Husband $65,000 above his one-fourth interest in the Hobbs Property when it signed the Final Decree of Divorce Nunc Pro Tunc. Appellant relies on *McGehee v. Epley*, and *In re Broussard*, for the contention that it is not a clerical error to impose an obligation to pay where no obligation existed before the judgment nunc pro tunc. *See McGehee*, 661 S.W.2d 924, 925–26 (Tex.1983); 112 S.W.3d 827, 833–34 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding). Appellant contends that "the effect of that [judgment nunc pro tunc] order was to eliminate the portion of the original order which granted [Husband] a judgment against [Wife] for $65,000." Appellant argues that, just as a clerical error cannot

impose an obligation to pay where one did not previously exist, a clerical error cannot relieve a person of an obligation to pay where one previously did exist.

Appellees contend that the trial court's rendition did not both award Husband $65,000 and order the Hobbs Property to be sold so that Husband could receive an additional $65,000. Appellees argue that the trial court clarified its intention of the rendition at the July 2004 hearing. As quoted above, the trial court stated at the hearing that (1) only Husband's interest in the Hobbs Property should be sold and (2) that by granting the equitable lien against Wife's interest in the Hobbs Property the court was not awarding Husband an additional $65,000. Therefore, appellees contend that because the original divorce decree did not accurately reflect the trial court's rendition, the errors were clerical and were properly corrected by the judgment nunc pro tunc.

Rule 329b(d) of the Texas Rules of Civil Procedure provides that the trial court has plenary power for 30 days after the judgment is signed to grant a new trial or to vacate, modify, correct, or reform the judgment. TEX.R. CIV. P. 329b(d). Once the trial court's plenary power expires, the trial court cannot set its judgment aside except by a bill of review for sufficient cause. TEX.R. CIV. P. 329b(f). However, the trial court may correct clerical errors in the judgment at any time by using a judgment nunc pro tunc. TEX.R. CIV. P. 316; 329b(f); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986). The trial court signed the original divorce decree on September 20, 2002. Thus, the trial court's plenary power expired on October 20, 2002. *See* TEX.R. CIV. P. 329b(d). The issue is whether the trial court's Final Decree of Divorce Nunc Pro Tunc, signed on July 19, 2004, corrected clerical errors

or was void because it corrected judicial errors.

■ A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered. *See Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex.1986); *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 647 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). A clerical error does not result from judicial reasoning, evidence or determination. *Andrews*, 702 S.W.2d at 585. Conversely, a judicial error arises from a mistake of law or fact that requires judicial reasoning to correct. *Butler*, 31 S.W.3d at 647. A judicial error occurs in the rendering, rather than the entering of the judgment. *Escobar*, 711 S.W.2d at 231.

■ A trial court can only correct nunc pro tunc the entry of a final written judgment that incorrectly states the judgment actually rendered. *Id.* at 231–32. Even if the trial court incorrectly renders judgment, the trial court cannot alter a written judgment that precisely reflects the incorrect rendition. *Id.* at 232. If the trial court corrects a judicial error after its plenary power has expired, the judgment is void. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973). When deciding whether an error in a judgment is clerical or judicial, the court must look to the judgment actually rendered and not the judgment that should have been rendered. *Escobar*, 711 S.W.2d at 231. Whether an error is judicial or clerical is a question of law. *Id.*

■ It is well settled that the rendition of a judgment occurs when the trial court's decision is officially announced either by a signed memorandum filed with the clerk of the court or orally in open court. *In re Fuselier*, 56 S.W.3d 265, 268 (Tex.App.-Houston [1st Dist.] 2001, orig. proceeding). Here, neither party disputes that the trial

court's August 2002 letter was the trial court's rendition of judgment.

▮ In order for a judgment nunc pro tunc to be properly granted, the evidence must be clear and convincing that a clerical error was made. *Riner v. Briargrove Park Prop. Owners,* Inc., 976 S.W.2d 680, 683 (Tex.App.-Houston [1st Dist.] 1997, no writ); *see Broussard,* 112 S.W.3d at 833. Evidence may be from oral testimony of witnesses, written documents, previous judgments, docket entries, or the trial judge's personal recollection. *Riner,* 976 S.W.2d at 683. If the trial court relies on its own personal recollection of the facts, we presume that the court's recollection supports the finding of clerical error. *Id.*

▮ As evidenced by the trial court's statements at the November 2002 and July 2004 hearings, the divorce decree signed on September 30, 2002 clearly did not reflect the trial court's rendition. As the parties agreed, the rendition did not order the entire Hobbs Property sold, only Husband's one-fourth interest. No party disputes this was a clerical error. Therefore, the error was properly corrected by the judgment nunc pro tunc. *See Andrews,* 702 S.W.2d at 585.

▮ The heart of the dispute, however, is how much money the court ordered Wife to pay Husband in its rendition of judgment. The trial court explained in the July 2004 hearing that it never intended to grant Husband an additional $65,000 above his one-fourth interest in the Hobbs Property. The trial court hand-corrected the Decree of Divorce Nunc Pro Tunc to accurately reflect the trial court's understanding of its rendition. Because the trial court relied on its personal recollection, we will presume the trial court's recollection supports the finding that the error was clerical and that Husband is entitled only

to one-fourth of the Hobbs Property, worth $65,000, with an equitable lien against Wife's interest in the Hobbs Property to secure payment. *See Riner,* 976 S.W.2d at 683; *Pruet v. Coastal States Trading, Inc.,* 715 S.W.2d 702, 705 (Tex. App.-Houston [1st Dist.] 1986, no writ) (holding that trial court may rely on its personal recollection of facts at time of original judgment's rendering, and, if trial court corrects its judgment by signing judgment nunc pro tunc, court's personal recollection supports finding of clerical error).

We overrule appellant's sole issue.

### Conclusion

We affirm the judgment of the trial court.