Opinion issued December 29, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00796-CR

———————————

In re Frank
garcia, jr., Relator



 



 



Original Proceeding on Petition for Writ of Mandamus

 



 

MEMORANDUM OPINION

          By
petition for writ of mandamus, relator, Frank Garcia, Jr., seeks mandamus
relief compelling the trial court to vacate its judgment nunc pro tunc or, in
the alternative, compelling the trial court to rule on his “Application
Requesting Judicial Notice to Vacate Judgment and Order of Commitment Nunc Pro
Tunc.”

 

 

Background

          On
April 16, 1998, a jury found relator guilty of aggravated assault and assessed
his punishment at confinement for 32 years. 
Four years later, on September 16, 2002, the trial court entered a
judgment nunc pro tunc, stating that the original judgment erroneously
reflected, “No” for the jury’s finding on whether relator had used a deadly
weapon in the commission of the offense, and the trial court changed the
judgment to reflect an “Affirmative” finding. 
The trial court also issued an order of commitment nunc pro tunc,
reflecting the same change in the original order of commitment.  

          On
May 19, 2011, relator filed in the trial court an application requesting that
it vacate the judgment nunc pro tunc and reinstate the original judgment.[1]  

Analysis

          Relator argues that the
trial court erred in entering its judgment nunc pro tunc because it corrected a
judicial error which was beyond the jurisdiction of the trial court.

          A trial court has
plenary power for 30 days after a judgment is signed to grant a new trial or to
vacate, modify, correct, or reform its judgment.  Tex. R. Civ. P. 329b(d).
 Once a trial court’s plenary power
expires, it cannot set its judgment aside except by a bill of review for
sufficient cause.  Tex. R. Civ. P.
329b(f). However, a trial court may at any time correct a clerical error in the
judgment by entering a judgment nunc pro tunc.
 Tex. R. Civ. P. 316; 329b(f); Escobar
v. Escobar,
711 S.W.2d 230, 231 (Tex. 1986); Barton v. Gillespie, 178 S.W.3d 121, 126 (Tex. App.—Houston
[1st Dist.] 2005, no pet.).

A clerical error is a discrepancy between the entry of a
judgment in the record and the judgment that was actually rendered.  Barton, 178
S.W.3d at 126 (citing Andrews v. Koch, 702 S.W.2d
584, 585 (Tex. 1986)); Butler v. Cont’l Airlines, Inc., 31 S.W.3d
642, 647 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).  A clerical error does not result from judicial
reasoning, evidence, or determination.  Barton, 178 S.W.3d
at 126.  In contrast, a judicial error
arises from a mistake of law or fact that requires judicial reasoning to
correct.  Id.  “A judicial error occurs in the rendering,
rather than the entering of the judgment.”  Id. (citing Escobar, 711 S.W.2d
at 231).

A trial court can only correct the entry of a final written
judgment by a judgment nunc pro tunc
if the final written judgment incorrectly states the judgment actually
rendered.  Id.  Even if a trial court incorrectly renders
judgment, it “cannot alter a written judgment that precisely reflects the
incorrect rendition.”  Id.  If a trial court corrects a judicial error
after its plenary power has expired, its judgment is void.  Id. (citing Dikeman v. Snell, 490 S.W.2d
183, 186 (Tex. 1973)). 

          Here,
the record shows that the judgment rendered at trial included an affirmative
finding on the use of a deadly weapon during the commission of the offense, but
the written judgment, under “Findings on the Use of a Deadly Weapon,” stated,
“No.”   The jury found relator guilty of
aggravated assault “as charged in the indictment,” in which it was alleged that
relator “did then and there use and exhibit a deadly weapon, to-wit: AN UNKNOWN
OBJECT during the commission of [the] assault.” 
On direct appeal to this Court, relator argued that the evidence was
insufficient “to prove appellant used or exhibited a deadly weapon” and that
the jury verdict was incomplete on the issue of a deadly weapon because the
jury had not answered the special issue concerning use of a deadly weapon.  Garcia
v. State, 17 S.W.3d 1, 4–5 (Tex.
App.—Houston [1st Dist.] 1999,
pet. ref’d).  The Court held that it was
unnecessary for the jury to answer the special issue because it found appellant
guilty as charged in the indictment, which necessarily included a deadly weapon
finding.  Id. at 5; see also Johnson v.
State, 6 S.W.3d 709, 714 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) (holding that, where indictment
alleged use of deadly weapon and jury found defendant guilty “as charged in the
indictment,” jury had made affirmative finding on use of deadly weapon).
          When a jury makes an affirmative
finding on the use of a deadly weapon, “entering an affirmative finding in the
judgment is mandatory; the trial court has no discretion.”  Johnson,
6 S.W.3d at 714 (citing State ex rel.
Esparza v. Paxson, 855 S.W.2d 170, 172 (Tex. App.—El Paso 1993, no pet.)); see also Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2) (“On an affirmative finding [on use of a deadly weapon], the
trial court shall enter the finding in the judgment of the court.”).   In Curry
v. State, the Austin Court of Appeals held that the changing of a judgment
nunc pro tunc to include a deadly weapon finding constitutes the correction of
a clerical error when the jury made an affirmative finding on the use of a
deadly weapon that was left out of the original judgment.  720 S.W.2d 261, 263 (Tex. App.—Austin 1986, pet. ref’d).  In Curry,
the jury made an affirmative finding on the use of a deadly weapon by answering
a special issue.  Id. at 262.  

Here, although the jury did not
answer a special issue, it, by finding appellant guilty as charged in the
indictment, still made an affirmative finding on the use of a deadly
weapon.  See Johnson, 6 S.W.3d at 614. 
Therefore, the trial court was required to enter an affirmative finding
in the judgment.  Id.  “Because the entry of
the affirmative finding in the judgment is mandatory, the trial court’s failure
to make the entry cannot be the product of judicial reasoning.”  Curry,
720 S.W.2d at 263.  Accordingly, we hold
that the trial court, in its judgment nunc pro tunc, entered an affirmative
finding on the use of a deadly weapon, which constituted a permissible
correction of a clerical error, and the judgment is not void.  See Barton, 178 S.W.3d at 126. 
Having so held, relator’s pending application to the trial court is
moot.

We deny the petition
for writ of mandamus.

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.  Tex. R. App. P. 47.2(b).

 











[1]
          Although relator asserts that he
filed the application on April 23, 2011, court records indicate that the
application was filed on May 19, 2011.