**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00019-CV**
_____

**PRECISE PLUMBING, INC., Appellant**

**V.**

**EWING CONSTRUCTION COMPANY, INC. AND LIBERTY MUTUAL INSURANCE COMPANY, Appellees**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 09-03-03187 CV**

**MEMORANDUM OPINION**

Appellant Precise Plumbing, Inc.[1] ("Precise") appeals from the trial court's

entry of an agreed final judgment dismissing all claims and all parties. In two

_____

[1]Appellees raise the issue of AC Plumbing Supply, Inc.'s ("AC") failure to file a notice of appeal by cross-point. AC purported to jointly file an appellate brief with Precise. However, AC did not file a notice of appeal or join in the notice of appeal filed by Precise. Accordingly, AC is not a party to this appeal and is not entitled to relief from this Court. *See* Tex. R. App. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. . . . The appellate court may not grant a party who does not file a notice of

issues, Precise contends the trial court erred by entering an agreed judgment that exceeds the settlement agreement upon which it was based, and the agreed judgment should be rescinded due to mutual mistake. We affirm the trial court's judgment.

Precise sued Ewing Construction Company, Inc. ("Ewing") and Liberty Mutual Insurance Company ("Liberty") for alleged non-payment for plumbing work performed pursuant to a construction contract. Precise asserted that Liberty is Ewing's surety bonding agent. AC Plumbing Supply, Inc. ("AC") intervened in the lawsuit, contending that AC sold plumbing supplies to Precise for use on the project for Ewing and advanced payroll expenses to Precise for work performed on the project, but Precise failed to pay AC for the supplies and payroll expenses. Ewing filed a counterclaim against Precise.

On November 28, 2012, the trial court signed an "Agreed Final Judgment" in which it found that a judgment should be entered in favor of AC against Precise, ordered that judgment is granted in favor of AC against Precise based upon AC's claims in the lawsuit, and concluded with a statement that "[t]his Final Judgment disposes of all parties and all claims and is final." The trial court's plenary power

---

appeal more favorable relief than did the trial court except for just cause."). We sustain appellees' cross-point.

over the judgment expired on December 28, 2012. *See* Tex. R. Civ. P. 329b(d) (The trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform its judgment within thirty days after the judgment is signed.).

The appellate record does not reflect the reason the trial court entered the agreed judgment or upon whose motion, if any, the trial court was acting when it did so. Precise contends that the impetus for the entry of the agreed judgment was a settlement agreement between Precise and AC with respect to the claims asserted by AC in the intervention, but Ewing and Liberty contend "[t]here is no evidence that the trial court even considered a separate settlement agreement." Precise filed a notice of appeal, and Precise also filed a verified motion to reinstate with the trial court on January 10, 2013, after the trial court's plenary power over the judgment had expired.

In its first issue, Precise argues that the trial court erred by entering an agreed judgment that exceeded the settlement agreement upon which it was based. As part of its argument within issue one, Precise argues that the trial court's alleged error in dismissing all claims rather than only AC's claims as intervenor was a clerical error. "A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered." *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.). "A

3

clerical error does not result from judicial reasoning, evidence[,] or determination." *Id*. "[A] judicial error arises from a mistake of law or fact that requires judicial reasoning to correct." *Id*. "[A]n error in rendition is judicial." *In re Daredia*, 317 S.W.3d 247, 249 (Tex. 2010) (per curiam) (orig. proceeding). "'[P]rovisions alleged to have been inserted by mistake of the attorney nevertheless become a part of the court's judgment and therefore are judicial errors when thus rendered in writing by the court.'" *Id*. (quoting *Dikeman v. Snell,* 490 S.W.2d 183, 185-86 (Tex. 1973)).

We agree with Precise's argument that an agreed judgment must be in strict or literal compliance with the terms of the settlement agreement. *See Vickrey v. Am. Youth Camps, Inc.*, 532 S.W.2d 292, 292 (Tex. 1976). However, as discussed above, the appellate record does not demonstrate the existence of a settlement agreement, much less show the terms of such an agreement or the parties thereto. The agreed judgment does not set forth the terms of the alleged settlement agreement, the clerk's record does not contain the settlement agreement or a motion for agreed judgment, and no reporter's record was filed. *See generally* Tex. R. Civ. P. 11 ("[N]o agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed[,] and filed with the papers as part of the record, or unless it be made in open court and entered of record.").

4

Therefore, we cannot determine whether the agreed judgment strictly complied with the terms of the alleged settlement agreement, and the alleged error is not clerical, since it does not involve a discrepancy between the entry of the judgment in the record and the judgment that was actually rendered. *See Daredia*, 317 S.W.3d at 249-50 (Judgment that contained no language addressing claims against one party, yet expressly indicated that it was a final judgment and dismissed those claims, contained a judicial error rather than a clerical error.); *Barton*, 178 S.W.3d at 126; *see also* Tex. R. Civ. P. 11. We overrule issue one.

In its second issue, Precise argues that rescission or reformation of the agreed judgment is warranted due to mutual mistake. Precise did not raise this argument before the trial court during the trial court's plenary power over its judgment. Rather, Precise raised the issue of the judgment's alleged inaccuracy for the first time in its motion to reinstate, which was filed on January 10, 2013. To present a complaint for appellate review, the record must show that (1) the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint; and (2) the trial court ruled on the request, objection, or motion. Tex. R. App. P. 33.1(a). A motion to modify, correct, or reform a judgment must be filed within the time prescribed for filing a motion for new trial

5

(*i.e.* thirty days after the judgment is signed), and it must be in writing, signed by the party or his attorney, and must "specify the respects in which the judgment should be modified, corrected, or reformed." Tex. R. Civ. P. 329b(a), (g). The record does not reflect that Precise brought the alleged error to the attention of the trial court within the time permitted by Rule 329b. *See id.* Therefore, Precise has failed to preserve the issue for our review. *See* Tex. R. App. P. 33.1(a). Accordingly, we overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on August 20, 2013
Opinion Delivered September 5, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.

6