Opinion issued June 12, 2014



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-12-00215-CV

————————————

**CARL D. SEDERHOLM, Appellant**

**V.**

**MICHELLE NEVILLE AND THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS, Appellees**

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 0567982**

---

**MEMORANDUM OPINION**

Michelle Neville, appellee, filed a motion for judgment nunc pro tunc on an order enforcing child support and medical support obligations. The trial court signed the order. In two issues, Carl D. Sederholm, appellant, argues that the trial court erred by rendering the judgment nunc pro tunc.

We modify the judgment and affirm as modified.

## Background

In January, 2008 Neville filed a motion for enforcement of child support against Sederholm for his failure to pay the vast majority of his child support obligations for ten years. The trial court found Sederholm in contempt. After two weeks in jail, the trial court held a hearing on the judgment to be rendered. During the hearing, the trial court announced, "I'm inclined to put a very low repayment like $50 a month until the child finishes high school and then it will be the regular child support plus the 50 towards repayment of arrearage."

At the conclusion of the hearing, the trial court announced the significant terms for the judgment. Specifically, the trial court explained,

> THE COURT: We can go back on the record in our contempt case and it is the Court's understanding and let me just outline this that the child's father has agreed to pay $1,600 on by or before about 3:00p.m. today. And the Court has agreed that upon the payment of $1,600, a receipt for that payment, the Court will suspend your commitment, will sign a release ordered today suspending the commitment to jail, sign the release order today, place you on probation, community service probation, I think is what they call it, through the domestic relations office and then you will need to report to them and that is going to be kind of monitoring you for the child support. I am going to enter an arrearage judgment in the amount determined by the Attorney General's Office giving you credit for your payments you have made as well as, I think we will call, accidental credit of a couple $3,000 roughly which is the difference between the Wharton County arrearage judgment and what the Attorney General's Office thinks the arrearage is the Wharton County judgment was lower. Remember the dollar amount roughly?

2

MS. DENNIS: It was roughly about $4,000, a little less.

THE COURT: I am going to -- you have got the benefit of that. I am going to take the Wharton County judgment even though it was too low. We are going to add the current arrearage. I am going to order that you begin paying on March 1st the regular child support of $400. Is that the correct amount?

MS. DENNIS: Yes, Judge.

THE COURT: Plus $50 towards the arrearage and $52 on the health insurance.

MS. DENNIS: Your Honor, if I can add there is a medical support arrearage also of the 72 -- approximately hundred dollars. Is there going to be an amount to be paid towards that judgment because they are two separate judgments?

THE COURT: $80 dollars. And then once the child is emancipated, meaning he finishes high school upon graduation, the same payments are to be made but they are to be addressed just to and credited just to the arrearage. Now I am going to give you two --

[APPELLANT]: Your Honor, when you said March would that mean that when I get out today, I am already behind or --

THE COURT: I'm sorry. I do need --

[APPELLANT]: I'm listening very carefully.

THE COURT: Good. I'm glad you are. Let's start April 1st. It should be the 1st and 15th.

MS. DENNIS: Right. He is still responsible for his payments for this month, though, right, his March 15th payment which hasn't accrued yet?

THE COURT: I guess whatever the regular payment on the 15th and then we will start the arrearage payments and everything on the 1st of April. Aren't they divided the 1st and the 15th?

MS. DENNIS: His payments are, your Honor.

THE COURT: Yeah, continue the 1st and 15th.

The judgment was prepared, and the trial court signed it that day. The written judgment, however, contained a number of variances from the judgment announced by the trial court.

On July 12, 2011, Neville filed a motion for judgment nunc pro tunc on the 2008 judgment. The trial court granted the motion and signed a judgment nunc pro tunc for the 2008 judgment.

## Judgment Nunc Pro Tunc

In two issues, Sederholm argues that the trial court erred by rendering the judgment nunc pro tunc.

### A.     Standard of Review & Applicable Law

Generally, the trial court loses jurisdiction to modify its judgment once plenary power has expired. *Xiaodong Li v. DDX Group Inv., LLC*, 404 S.W.3d 58, 63 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Even after plenary power has expired, however, a trial court can correct "clerical errors" in a judgment by rendering a judgment nunc pro tunc. TEX. R. CIV. P. 316, 329b(f).

A clerical error is a discrepancy between the judgment that was rendered and the judgment that was entered. *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.). "Judgment is rendered when the trial

4

court officially announces its decision in open court or by written memorandum filed with the clerk." *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995). A clerical error occurs when the later, written judgment that is entered into the record varies from the terms pronounced in the rendered judgment. *See Barton*, 178 S.W.3d at 126–27 (holding changes to property division in nunc pro tunc divorce decree in order to reflect property division in rendered judgment was correction of clerical error).

In contrast, "[a] judicial error occurs in the rendering, rather than the entering of the judgment." *Id.* at 126 (citing *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986)). It arises from a mistake of law or fact that requires judicial reasoning or determination. *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Judicial errors cannot be corrected after plenary power expires. *Barton*, 178 S.W.3d at 126. "Even if the trial court incorrectly rendered judgment, it cannot alter a written judgment that precisely reflects the incorrect rendition." *Hernandez v. Lopez*, 288 S.W.3d 180, 185 (Tex. App.—Houston [1st Dist.] 2009, no pet.). If an error is determined to be judicial rather than clerical, the change is void. *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013).

In order for a judgment nunc pro tunc to be properly granted, the evidence must be clear and convincing that a clerical error was made. *Hernandez*, 288

S.W.3d at 185. Evidence may be from oral testimony of witnesses, written documents, previous judgments, docket entries, or the trial judge's personal recollection. *Id.*

Whether an error in the judgment is clerical or judicial is a question of law. *Escobar*, 711 S.W.2d at 232. Questions of law are reviewed de novo. *In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994). In contrast, whether the trial court pronounced judgment orally and the terms of that pronouncement are questions of fact. *Hernandez*, 288 S.W.3d at 185 (citing *Escobar*, 711 S.W.2d at 232). We review questions of fact for an abuse of discretion. *See State v. $217,590.00 in U.S. Currency*, 18 S.W.3d 631, 633 (Tex. 2000) (holding mixed questions of law and fact are reviewed for abuse of discretion). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. *Tex. Dept. of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990).

## B. Analysis

Sederholm argues that the errors in the entered judgment were not clerical errors and, accordingly, could not be corrected by a judgment nunc pro tunc. The Office of the Attorney General argues that there were clerical errors in the judgment that was entered in 2008 that could be corrected by a judgment nunc pro tunc. The OAG also argues that some modifications in the judgment nunc pro tunc

were not corrections of clerical error.  Accordingly, the Office of the Attorney General requests that we modify the judgment nunc pro tunc and affirm the judgment as modified.  We agree with the Office of the Attorney General.

The first variance from the entered judgment to the judgment nunc pro tunc is a date.  The entered judgment includes a determination that Sederholm had previously been ordered to pay child support "semi-monthly, beginning 10/01/19975."  This is not a valid date.  The judgment nunc pro tunc corrected that date to "10/01/1997."  We hold that the entered judgment contained a clerical error for the date and that, accordingly, the correction in the judgment nun pro tunc for this date is valid.  *See SLT Dealer Group, Ltd. v. AmeriCredit Fin. Servs., Inc.*, 336 S.W.3d 822, 832 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (affirming correction of clear typographical error).

The next variance is the insertion of a one-sentence paragraph regarding child support.  The added sentence provides, "IT IS ORDERED that CARL D SEDERHOLM shall pay his current child support obligation of $200.00 semi-monthly until the child graduates from high school or is otherwise emancipated."  This was an explicit part of the trial court's rendered judgment that was missing from the entered judgment.  We hold there is no error in its inclusion in the judgment nunc pro tunc.  *See Andrews v. Koch*, 702 S.W.2d 584, 585–86 (Tex.

7

1986) (affirming trial court's addition of conveyance of easement in judgment nunc pro tunc confirming sale of property in probate proceeding).

The next paragraph in the entered judgment provides, "If CARL D SEDERHOLM has not paid the judgment in full by the date his child support obligation ends, the Court ORDERS him to pay the remainder of said judgment by paying $_____ each month on or before the same day of each month until the arrearage is paid in full." The judgment nunc pro tunc has two changes to this sentence. First, it changes the blank line to $450.00. Second, it inserts "effective June 1, 2008; and" after the first "each month."

The trial court explicitly ruled that, after the child was emancipated, Sederholm would continue to pay the same amount as his monthly child support payments ($400) and his arrearage payments ($50), except that the total would then be applied to arrearage. The entered judgment reflected this intent, except that it left out the amount to be paid for arrearage. In the judgment nunc pro tunc, the trial court replaced the blank with $450. Determining the terms of the trial court's pronounced judgment is a question of fact. *Hernandez*, 288 S.W.3d at 185. Ordering payment of $450 in monthly arrearage after the child was emancipated is consistent with the trial court's pronouncement in the rendered judgment. Accordingly, Sederholm has failed to establish that the trial court abused its

discretion by determining that the amount of post-emancipation arrearage payment was $450 instead of nothing.

The trial court did not, however, provide a specific date when the child-support obligation would end and the larger arrearage would take effect. While the date is likely determinable, such a determination involves resolving when the child would be emancipated. This involves judicial reasoning, and it was not made by the trial court in its rendition of the judgment. *See Butler*, 31 S.W.3d at 647 (holding judicial error involves judicial reasoning or determination). Accordingly, this date must be removed.

The same paragraph in the judgment nunc pro tunc adds a sentence that was not present in the entered judgment. That sentence asserts, "The court's order setting payment on a child support judgment or on a medical support judgment does not preclude or limit the use of any other means of enforcement of the judgment." This same sentence was also added to the judgment nunc pro tunc in the portion regarding medical support. The trial court made no mention of this requirement in its rendered judgment. Accordingly, it is not a clerical error and both instances of the sentence must be removed.

The next variance is the insertion of a one-sentence paragraph regarding medical support. The added sentence provides, "IT IS ORDERED that CARL D SEDERHOLM shall pay his current medical support obligation of $52.00 monthly

through May 31, 2008." The trial court explicitly required Sederholm to continue paying $52 per month for medical support. It did not provide a specific date, however. Instead, the instructions were to continue paying until the child was emancipated. Accordingly, the judgment nunc pro tunc must be reformed to reflect that.

The next variance in the entered judgment required Sederholm to pay $8 per month to be applied towards medical support arrearage. The trial court actually required Sederholm to pay $80 per month for this arrearage. The judgment nunc pro tunc correctly made that change.

For the next variance, the entered judgment provides, "Past due support is not an installment debt and the entire judgment is now due and owing." The judgment nunc pro tunc changes "Past due support" to "Any judgment(s) rendered herein." The trial court made no mention of this requirement when it rendered judgment. Accordingly, it cannot be changed by a judgment nunc pro tunc.

The entered judgment required Sederhold to send his payments for court costs to the district clerk at the time, Theresa Chang. The judgment nunc pro tunc changes the name to the current district clerk, Chris Daniels. This does not correct a clerical error. Accordingly, it must be removed.

In the portion of the judgment concerning punitive contempt, the judgment nunc pro tunc inserts a paragraph ordering the Harris County Sheriff to commit

10

Sederholm to county jail. This requirement was not mentioned by the trial court in rendering its judgment. Accordingly, it must be removed.

Following the portion of the judgment concerning punitive contempt, both the entered judgment and the judgment nunc pro tunc have an "Exhibit A," outlining the terms of Sederholm's community supervision. The entered judgment leaves blank the space meant to identify who was placed on community supervision. The judgment nunc pro tunc correctly identifies Sederholm as that person. In rendering judgment, the first thing the trial court mentioned was the plan to place Sederholm on community supervision. Accordingly, filling in his name in the judgment nunc pro tunc is permissible.

In that same paragraph, the exhibit sets the term of community supervision for 120 months. In the judgment nunc pro tunc, there is a notation that the effective date is March 7, 2008. The trial court explained at the hearing that Sederholm had agreed to pay the set amount by 3:00 p.m. that day—March 7, 2008. The trial court also explained that, if Sederholm did pay that amount, the trial court would sign the judgment releasing him on community supervision that day. The judgment was, in fact, signed that day. Accordingly, this inclusion of the effective date follows the trial court's rendered judgment.

The exhibit to the entered judgment also establishes dates for Sederholm to attend compliance hearings. The judgment nunc pro tunc has the same provisions

11

except that one sentence has been removed. That sentence provides, "At the compliance hearing the Court will hear evidence as to CARL D SEDERHOLM's compliance with the above terms and conditions of community supervision and continue, modify, or revoke his community supervision as the evidence warrants." The trial court made no specific reference to this term in its rendered judgment.

We have found no authority suggesting that a judgment nunc pro tunc can be used to remove text from an entered judgment simply by virtue of the fact that it was not specifically mentioned in the rendered judgment. The entered judgment in this case has far more detail than the trial court's rendered judgment, and the trial court signed it, approving it. Unless there is proof that the trial court specifically excluded a provision in its rendered judgment that appeared in the entered judgment, we find no basis to support removing language that appeared in the entered judgment. *See Barton*, 178 S.W.3d at 126 (holding clerical error exists when entered judgment varies from terms pronounced in rendered judgment).

Next, the judgment nunc pro tunc attempts to update some of the personal identifying information of the parties, such as their current residence and driver's license numbers. The parties' personal identifying information was not mentioned at any point during the hearing in which the trial court rendered judgment. Accordingly, these changes cannot be made in a judgment nunc pro tunc.

Finally, both the entered judgment and the judgment nunc pro tunc have a space to identify the "[e]xpected termination date of obligation to pay child support and of orders for possession of, or access to, a child (date of expected emancipation of all minors)." The entered judgment left this space blank, while the judgment nunc pro tunc inserted the date "5/31/2008." As we have already noted, the trial court did not announce the date of emancipation in its rendered judgment. Determining the date of emancipation involves judicial reasoning. *See Butler*, 31 S.W.3d at 647 (holding judicial error involves judicial reasoning or determination). Accordingly, this date must be removed.

Portions of the entered judgment did not conform to the rendered judgment. These changes were permissible in a judgment nunc pro tunc. The changes in the judgment nunc pro tunc that did not correct a variance between the rendered judgment and the entered judgment were not permissible. After removing these impermissible changes, we overrule appellant's two issues.

## Conclusion

We modify the judgment nunc pro tunc to conform to the rendered and entered judgments. We affirm the judgment as modified.

Laura Carter Higley
Justice

13

Panel consists of Chief Justice Radack and Justices Higley and Brown.