**Opinion issued December 16, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00123-CV

————————————

### IN THE INTEREST OF A.E.M., A Minor Child

On Appeal from the 246th District Court
Harris County, Texas
Trial Court Case No. 2013-29304

### DISSENTING OPINION

Faced with a Solomonic choice, the trial court ordered a child's name to include his father's surname alongside his mother's. The child's mother argues, and the majority holds, that the evidence is insufficient to support its decision. Because the trial court did not abuse its discretion in determining that fostering a

sibling relationship merited a change in the child's name and was in the child's best interest, I respectfully dissent.

We review a trial court's ruling to change a child's name under an abuse of discretion standard. *In re H.S.B.*, 401 S.W.3d 77, 81 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *In re Guthrie*, 45 S.W.3d 719, 723 (Tex. App.—Dallas 2001, pet. denied). A sufficiency challenge is incorporated into this review. *Moreno v. Perez*, 363 S.W.3d 725, 735 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *In re H.S.B.*, 401 S.W.3d at 81–82. We determine "(1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in its application of discretion." *Moreno v. Perez*, 363 S.W.3d 725, 735 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *McGuire v. McGuire*, 4 S.W.3d 382, 387 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.)); *see also In re H.S.B.*, 401 S.W.3d at 82. In determining whether a name change is in a child's best interest, we defer to the trial court's resolution of credibility and conflicts in the witness's testimony. *See In re H.S.B.*, 401 S.W.3d at 87 (finding that the trial court had the discretion to resolve conflicts in the testimony to determine whether the father maintained a significant relationship with the child).

Section 45.004 provides that "[t]he court may change the name of a child if the change is in the best interest of the child. . . ." TEX. FAM. CODE ANN. § 45.004(a)(1) (West 2014). As the majority observes, this determination involves

2

a number of factors. *See also In re H.S.B.*, 401 S.W.3d at 84. However, the "relative importance of these factors . . . will depend on the unique facts and circumstances of each case." *Id.* As with any evaluation of evidence, the number of factors favoring the trial court's ruling should not control the analysis; rather, the logical force of the facts and inferences from them should.

The majority acknowledges that including the father's last name could more strongly associate the child with a family unit—in particular, his half–sibling. It concedes that the remaining factors are neutral in their factual basis, and depend heavily on credibility determinations of the testimony from the father and the mother. Both parents had reason and motive to urge their respective positions; the relative weight to accord their testimony on the highly subjective nature of the best interest in naming their child was uniquely within the trial court's purview—it saw their demeanor and heard their words; we did not.

Leaving the parent's testimony aside, the trial court heard one objective piece of evidence—that of a sibling relationship with another child—evidence that standing alone favors the trial court's ruling. In *In re H.S.B.*, our sister court reasoned that because the mother had another child, a shared last name between half–siblings would foster the sibling relationship. *Id.* at 86–87. In that case, the father had no other children, and the court determined that the use of the mother's

3

surname would more strongly associate the child with a family unit of the sibling and parent. *Id.* at 87.

In this case, the parties contested the evidence of an association with a family unit. The child's father has visitation both with the child and the child's half–sibling. He exercised his visitation, according to a "step–up" visitation plan in place. He testified that he wants his children to get to know one another and develop a relationship. The mother does not have other children. She testified that the father attended visitation only to procure a name change in his favor and that the child would reside mainly with her and her family. The majority accepts the mother's reasoning and rejects the father's, but it was the trial judge as the fact finder who was free to resolve the parent's conflicting testimony. *See id.* (finding that the trial court had the discretion to resolve conflicts in the testimony in determining whether the father maintained a significant relationship with the child).

The majority dismisses the notion of importance of the child's sibling relationship with another child. But the trial court reasonably could have found that a shared surname with a half–sibling would further this sibling relationship. With objective evidence of a sibling relationship, the evidence is legally sufficient to support the trial court's ruling. Because the logical force of the testimony presented supports its decision, we should hold that the trial court did not abuse its

discretion in ordering the addition of the father's surname to his child's name.  *See Moreno v. Perez*, 363 S.W.3d at 735.

*Oral Pronouncement*

In her third issue, which the majority does not reach, the child's mother argues that the trial court's written judgment does not conform to its orally rendered judgment.  In family law cases, a court renders judgment when it announces its decision, either in writing or orally in open court.  *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *In re Fuselier*, 56 S.W.3d 265, 268 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding)); *see also In re R.A.H.*, 130 S.W.3d 68, 70 (Tex. 2004) ("[J]udgment is rendered 'when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publicly.'") (quoting *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 7 (Tex. 2002)). In the case of an oral rendition, the judgment becomes effective immediately; the signing and entry of the judgment are only ministerial acts.  *Dunn v. Dunn*, 439 S.W.2d 830, 832–33 (Tex. 1969); *see Maldonado v. Rosario*, No. 01–12–01071–CV, 2013 WL 1316385, at *2 (Tex. App.—Houston [1st Dist.] Apr. 2, 2013, no pet.) (per curiam) ("Once a divorce is granted by an oral pronouncement in which the trial court finally adjudicates the rights of the parties, then entry of a written

5

judgment is purely a ministerial act.").  The father in this case does not contest that the oral pronouncement governs.

At the hearing, the court orally pronounced a judgment "to add [the father's last name] to the surname."  The final order states that "[t]he birth records . . . shall be amended to show . . . the child's surname as [the father's last name]."  Because the oral pronouncement controls, we should sustain the mother's objection to the written order and modify it to include the mother's surname first, then the father's surname.  *See Dunn*, 439 S.W.2d at 832–33; *Barton*, 178 S.W.3d at 126.

### Conclusion

Because the trial court acted within its discretion in resolving the parent's dispute as to the naming of their child, we should affirm its ruling.  As the majority instead overturns it, I respectfully dissent.

Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Justice Bland, dissenting.