**Opinion issued June 30, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00699-CV

————————————

**DOROTEA REYES AND WILBER REYES, Appellants**

**V.**

**THRIFTY MOTORS, INC., Appellee**

---

**On Appeal from County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1055495**

---

## MEMORANDUM OPINION

Dorotea Reyes and Wilber Reyes are appealing the county court at law's granting of Thrifty Motors, Inc.'s motion to dismiss based on res judicata. We affirm the county court at law's judgment.

**Background**

Dorotea Reyes and Wilber Reyes purchased a used car from Thrifty Motors, Inc. in 2013. The Reyeses claim that the car broke down the day they drove it home and that Thrifty Motors refused to return their $2,000 down payment when they returned the vehicle the next day. On November 18, 2014, the Reyeses sued Thrifty Motors in the county court at law for breach of contract and conversion based on the 2013 transaction, seeking to recover $50,000 in actual damages.

On July 16, 2015, Thrifty Motors filed a motion to dismiss with prejudice based on res judicata. Specifically, Thrifty Motors alleged that the Reyeses had sued Thrifty Motors in a Harris County justice court in October 2013 based on the same facts and claims they were raising in the county-court-at-law suit. According to Thrifty Motors, the justice court dismissed the Reyeses' suit for want of prosecution "with prejudice" on June 4, 2014. Thrifty Motors argued that even if the justice court had erred by dismissing the Reyeses' suit "with prejudice," the order was never appealed and, therefore, the dismissal was a final determination on the merits for purposes of res judicata.[1]

---

[1]    *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) ("We have held that an order dismissing a case with prejudice for want of prosecution, though mistaken, is merely voidable and must be attacked directly in order to prevent the order from becoming final for purposes of establishing res judicata.") (citing *El Paso Pipe & Supply Co. v. Mountain States Leasing, Inc.*, 617 S.W.2d 189, 190 (Tex. 1981) (per curiam)).

Thrifty Motors further argued that although the justice court signed a "Corrected Order to Dismiss" on December 10, 2014, which purported to correct a "clerical error" in the court's June 4, 2014 order, and dismissed the Reyeses' suit "without prejudice," the corrected order was a nullity because it was issued after the justice court's plenary power had expired and without notice to Thrifty Motors.[2]

Thrifty Motors attached to its motion (1) a copy of the Reyeses' October 2013 petition in the justice court, (2) certified copies of the justice court's June 4, 2014 and December 10, 2014 orders, (3) a printout of the justice court's dockets showing the dates of hearings held in the Reyeses' suit, (4) a letter from Thrifty Motors' counsel to the justice court on January 7, 2015, and (5) an affidavit from Thrifty Motors' counsel.

The Reyeses filed a response to Thrifty Motors' motion in which they argued that the December 10, 2014 order "was affirmed" by the justice court on January 21, 2015, after it held a hearing on the rehearing of the judgment nunc pro tunc. According to the Reyeses, during that hearing, the justice court "admitted to counsel for both parties that the [June 4th] order was mistakenly issued." The Reyeses also attached a copy of the notice setting the rehearing of the judgment nunc pro tunc for a hearing on January 21, 2015.

---

[2] Thrifty Motors does not argue on appeal that the December 10, 2014 order is void because the justice court attempted to correct a judicial error, not a clerical error.

Although the county court at law held a hearing on Thrifty Motors' motion to dismiss based on res judicata, no record was made of the hearing. After this hearing, the county court at law granted Thrifty Motors' motion and dismissed the Reyeses' suit with prejudice. This appeal followed.

**Preliminary Matters**

As a preliminary matter, we must first determine the appropriate standard of review in this case.

The Reyeses are appealing the county court at law's order granting Thrifty Motors' motion to dismiss based on the affirmative defense of res judicata, and dismissing their suit with prejudice. *See* TEX. R. CIV. P. 94 (identifying res judicata as affirmative defense). An affirmative defense, or "plea in bar," is not typically disposed of in a preliminary hearing, such as a motion to dismiss. *Tex. Underground, Inc. v. Tex. Workforce Comm'n*, 335 S.W.3d 670, 675 (Tex. App.—Dallas 2011, no pet.) (citing *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 354 (Tex. App.—San Antonio 1999, pet. denied)). Rather, an affirmative defense should be raised through a motion for summary judgment or proven at trial. *Id.* at 676; *see Montgomery Cty. v. Fuqua*, 22 S.W.3d 662, 669 (Tex. App.—Beaumont 2000, pet. denied) ("Affirmative defenses are 'pleas in bar,' and do not provide a justification for summary dismissal on the pleadings.").

4

However, in the event summary judgment procedure is not used when a plea in bar is asserted, the reviewing court may treat a pretrial dismissal with prejudice as if it were a grant of summary judgment because such a dismissal has the same effect as entry of a take-nothing judgment. *Martin*, 2 S.W.3d at 354–55; *see generally Henny v. JPMorgan Chase Bank, N.A.*, 01-10-00476-CV, 2012 WL 524429, at *3 (Tex. App.—Houston [1st Dist.] Feb. 16, 2012, no pet.) (mem. op., on rehearing) (reviewing trial court's dismissal of plaintiff's claim with prejudice based on affirmative defenses of res judicata and compulsory joinder under summary judgment standard).

### Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

In a traditional summary-judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment on an affirmative defense has the burden

to conclusively prove all the elements of the affirmative defense as a matter of law. *KPMG Peat Marwick*, 988 S.W.2d at 748. If the defendant establishes that its affirmative defense bars the action, the plaintiff must then adduce summary judgment evidence raising a fact issue in order to avoid the granting of summary judgment in the defendant's favor. *See id.*

## Applicable Law

Res judicata bars claims that were brought, or could have been brought, in an earlier lawsuit that resulted in a final judgment on the merits. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). To prevail on this affirmative defense, a party must show that (1) in a previous action, a court of competent jurisdiction rendered a final determination on the merits of a claim, (2) the parties in the earlier action are identical to, or in privity with, the present parties, and (3) the pending claim (a) is identical to the prior claim or (b) arises out of the same subject matter as the prior claim and could have been litigated in the previous action. *Travelers Ins. Co.*, 315 S.W.3d at 862. A dismissal with prejudice is an adjudication on the merits for purposes of res judicata; a dismissal without prejudice is not. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 653 (Tex. 2009) (orig. proceeding).

Once a trial court loses plenary jurisdiction over a case, it may enter a judgment nunc pro tunc to correct any mistakes or misrecitals in the judgment, but

6

only if the errors to be corrected are clerical rather than judicial. *Dep't of Transp. v. API Pipe & Supply*, 397 S.W.3d 162, 167 (Tex. 2013); *see generally* TEX. R. CIV. P. 316 & 329b(f). A clerical error is a discrepancy between the judgment entered into the record and the judgment that was actually rendered. *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.). A judicial error, on the other hand, is an error arising from a mistake of law or fact in the judgment as rendered that requires judicial reasoning to correct. *Id.* Stated another way, "if the judgment entered is the same as the judgment rendered, regardless of whether the rendition was incorrect, a trial court has no nunc pro tunc power to correct or modify the entered judgment after its plenary jurisdiction expires." *Hernandez v. Lopez*, 288 S.W.3d 180, 187 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (op. on rehearing). Rendition occurs when the trial court's decision is officially announced either by a signed memorandum filed with the clerk of the court or orally in open court. *Barton*, 178 S.W.3d at 126.

Whether an error in the judgment is clerical or judicial is a question of law. *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986). In deciding this issue, courts look to the judgment actually rendered and not to the judgment that should or might have been rendered. *Id.* at 231. We consider as fact issues whether the court pronounced judgment orally and the terms of the pronouncement. *Hernandez*, 288

7

S.W.3d at 185. If an error is determined to be judicial rather than clerical, the change is void. *API Pipe & Supply*, 397 S.W.3d at 167.

**Analysis**

The evidence attached to Thrifty Motors' motion to dismiss demonstrates that the Reyeses sued Thrifty Motors in a Harris County justice court in October 2013 and asserted claims against Thrifty Motors arising from the same subject matter covered by the Reyeses' November 2014 suit in the county court at law, i.e., the Reyeses' purchase of a used car from Thrifty Motors in 2013. Thrifty Motors also attached a June 4, 2014 order that rendered judgment in its favor, and dismissed the Reyeses' 2013 suit "with prejudice." A dismissal "with prejudice" is a final determination on the merits for purposes of res judicata. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d at 653. This order is the only evidence of the justice court's rendition of judgment in the 2013 suit. *See Barton*, 178 S.W.3d at 126 (stating that rendition occurs when court's decision is officially announced either by signed memorandum filed with court clerk or orally in open court).[3]

Thrifty Motors' evidence also demonstrates that the justice court issued an order on December 10, 2014, after the expiration of the court's plenary power, which purported to correct a "clerical error" in the June 4, 2014 order by dismissing the

---

[3] The parties do not contend that the justice court pronounced judgment orally in open court with regard to the original dismissal of the 2013 suit and there is no evidence of any such pronouncement in the appellate record.

8

suit "without" prejudice, rather than "with" prejudice. A clerical error, however, occurs when there is a discrepancy between the judgment that was actually rendered and the judgment that was entered. *See Barton*, 178 S.W.3d at 126. Because the only evidence of the justice court's rendition of judgment in the 2013 suit is the June 4, 2014 order dismissing the Reyeses' suit "with prejudice," the alleged error, i.e., dismissal with prejudice, was judicial in nature because it stemmed from a mistake in the judgment that was actually *rendered*. *See Barton*, 178 S.W.3d at 126 (stating that judicial error arises from mistake of law or fact in judgment as rendered). Accordingly, the justice court's December 10, 2014 order is void because that order, which corrected a judicial error, was signed after the court's plenary power expired. *See API Pipe & Supply*, 397 S.W.3d at 167 ("An attempted nunc pro tunc judgment entered after the trial court loses plenary jurisdiction is void if it corrects judicial rather than clerical errors.").

Because Thrifty Motors' evidence conclusively proved all the elements of its res judicata defense as a matter of law, the Reyeses had to present some evidence raising a fact issue with regard to this affirmative defense. *See KPMG Peat Marwick*, 988 S.W.2d at 748. In their response to Thrifty Motors' motion to dismiss, the Reyeses argued that the justice court "admitted to counsel for both parties that the [June 4th] order was mistakenly issued" during the January 21, 2015 hearing. The arguments of counsel, however, are not evidence. *See Tex. Dep't of Pub. Safety v.*

*Mendoza*, 952 S.W.2d 560, 564 (Tex. App.—San Antonio 1997, no writ) ("argument of counsel is not evidence"); *see also Tex. Dep't of Pub. Safety v. Wiggins*, 688 S.W.2d 227, 230 (Tex. App.—El Paso 1985, no writ) ("Unsworn statements and arguments made by Petitioner's attorney are not evidence."). Furthermore, even if the justice court had announced on the record that the June 4, 2014 "order was mistakenly issued," such evidence would not be sufficient to raise a fact issue as to the terms of rendition. The other evidence attached to the Reyeses' response, i.e., the June 4, 2014 and December 10, 2014 orders, an email and letter from Thrifty Motors' counsel, and a notice of the January 21, 2015 hearing, also fails to raise a fact issue as to the terms of the actual rendition of judgment.

Because Thrifty Motors demonstrated its entitlement to judgment as a matter of law on its affirmative defense of res judicata and the Reyeses failed to present any evidence raising a fact issue with regard to this defense, we cannot say that the county court at law erred in dismissing the Reyeses' suit based on res judicata. We overrule the Reyeses' sole issue.

## Conclusion

We affirm the county court at law's judgment.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

10