Stephen N. RINER, Appellant,

v.

BRIARGROVE PARK PROPERTY OWNERS, INC., Appellee.

No. 01–96–00093–CV.

Court of Appeals of Texas,· Houston (1st Dist.).

Aug. 7, 1997.

Rehearing Overruled March 23, 1998.

Shawn Casey, Houston, for Appellant.

Donald Michael Stull, Houston, for Appellee.

Before WILSON, MIRABAL and TAFT, JJ.

## OPINION

WILSON, Justice.

Appellant, Stephen N. Riner, appeals the trial court's modification of judgment in favor of Briargrove Park Property Owners, Inc. (Briargrove). In one point of error, appellant argues the trial court corrected a judicial error beyond its plenary jurisdiction. As a result, appellant asks this Court to set aside the modified judgment as void. We agree, and find the September 20, 1995, judgment void.

### Procedural History

This case was tried, appealed, reversed in part, tried again on the issue of attorney's fees, and is now before us again on a second appeal. Because the long procedural history of the case is important in understanding the issue before us, we set it out in some detail. We quote directly from the opinion of the Texarkana Court of Appeals as to the case's factual basis and procedural background up to November, 1993:

> This case originated as a suit to quiet title to a lot in the Briargrove Park subdivision. Briargrove Park Property Owners, Inc. was joined in the suit as a defendant because it claimed a lien on the property. Briargrove filed a counterclaim to recover unpaid maintenance assessments against the property that had accrued since 1985. It also sought foreclosure of its lien securing the assessments and attorney's fees. In June of 1990, Riner, a defendant in the

original title suit, offered to pay Briargrove $2,000.00 as full payment for the unpaid maintenance fees against the lot in which he claimed an interest. Riner's offer was for slightly more than the fees that were due, but it did not include any amount for costs or attorney's fees. Briargrove rejected the offer, and in October of 1991, Riner brought a cross-claim against Briargrove.

The original action was settled in November of 1991, with title to the lot being awarded to Riner. The cross-claim for the unpaid assessments went to trial, and the court rendered judgment awarding Briargrove $2,018.79 for past due fees and interest. The court, however, held that Riner had not personally breached the assessment covenant and rendered judgment for the assessments *in rem*, i.e. against the property, rather than rendering a personal judgment against Riner. The court further held that Briargrove was not a prevailing party and thus should not recover attorney's fees. An order of sale was issued, but Riner paid the judgment to avoid the sale.

*Briargrove Park Prop. Owners, Inc. v. Riner*, 867 S.W.2d 58, 60 (Tex.App.—Texarkana 1993, writ denied).

On November 9, 1993, the Texarkana Court of Appeals issued an opinion remanding the case to the trial court to solely determine the amount of attorney's fees and costs to be awarded to Briargrove. On March 1, 1995, the trial court entered a judgment awarding total attorney's fees of $10,000 to Briargrove. The judgment did not mention the actual damages, $2,018.79, awarded to Briargrove in the original trial. The court further ordered that this judgment replaced "in all respects" the previous judgment signed on March 17, 1992. Briargrove timely filed a motion for new trial requesting additional attorney's fees and an *in rem* judgment making the property liable for payment

of these attorney's fees. The motion was overruled by operation of law on May 15, 75 days after the judgment was signed. The trial court lost its plenary power on June 14, 105 days after the judgment was signed.

On September 20, 1995, the trial court changed the March 1, judgment, and ordered the following in Briargrove's favor: (1) a lien against Riner's property; (2) judgment for $2,018.79; (3) attorney's fees for $10,000; plus (3) interest after judgment at the rate of 10 per cent per annum until paid. Thus, the September judgment purports to secure the award of attorney's fees with a lien against Riner's property, and to reinstate the damage award that Riner already paid to Briargrove. *Briargrove*, 867 S.W.2d at 60. In essence, this judgment was an attempt to combine the two previous judgments.

■ Because the trial court's changes were made outside its plenary jurisdiction, we must determine if the changes were clerical or judicial. A judgment nunc pro tunc is used to correct clerical errors and may be executed after the trial court loses its plenary jurisdiction.[1] Tex.R.Civ.P. 329b(f); *Cannon v. ICO Tubular Servs., Inc.*, 905 S.W.2d 380, 389 (Tex.App.—Houston [1st Dist.] 1995, no writ). Judicial errors, however, may not be corrected after a trial court loses its plenary jurisdiction. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986). A clerical error does not result from judicial reasoning, evidence or determination. *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex.1986). It is a discrepancy between the entry of a judgment in the record and the judgment as actually rendered. *Id.* A judicial error occurs in the rendering, rather than the entering of a judgment. *Escobar*, 711 S.W.2d at 231. If the court corrects a judicial error after the expiration of its plenary power, the judgment is void. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973).

---

1. We observe the trial court termed its judgment as a "Modification on Judgment," rather than a judgment nunc pro tunc. A motion to modify is a motion for a judgment that can correct either clerical or judicial errors. However, it must be filed within 30 days of the signed judgment and must be ruled on within the court's plenary jurisdiction. *See* Tex.R.Civ.P. 329b(a), (g); *Cannon v. ICO Tubular Servs. Inc.*, 905 S.W.2d 380, 389 (Tex.App.—Houston [1st Dist.] 1995, no writ). Here, the trial court acted well beyond its plenary jurisdiction. Thus, the proper motion was "judgment nunc pro tunc."

 

A judgment nunc pro tunc should be granted if the evidence is clear and convincing that a clerical error was made. *Pruet v. Coastal States Trading, Inc.,* 715 S.W.2d 702, 705 (Tex.App.—Houston [1st Dist.] 1986, no writ). Evidence may be in the form of oral testimony of witnesses, written documents, previous judgments, the court's docket or the judge's personal recollection. *See id.* If the judge relies on his personal recollection of the facts, we presume his personal recollection supports the finding of a clerical error. *Id.*

In this case, there is nothing in the record that supports the finding of a clerical error. There is no recollection by the judge, there is no record of a hearing on appellee's application for judgment nunc pro tunc, nor is there a docket sheet entry indicating the trial judge's intentions. Based on the evidence presented in the record, we conclude the judgment entered on September 20, 1995, required judicial determination; thus, it was not within the scope of a judgment nunc pro tunc. First, the reinstatement of an actual damage award ($2,018.79),[2] which has already been paid, cannot be termed as a correction of a clerical error. Although Briargrove has no legal claim to collect this money a second time, it is possible that Riner would be forced to defend his previous payment if such a demand is made. Second, the September 20, 1995 judgment purports to combine the two earlier judgments by awarding the actual damages and post-judgment interest (awarded on March 17, 1992) along with the attorney's fees (awarded on remand in March 1, 1995). However, there is no support in the record that the judge intended this outcome when he first rendered separate judgments on March 17, 1992, and March 1, 1995. The latter judgment states, "[T]his judgment is in lieu of and replaces in all respects that certain judgment signed on March 17, 1992." Third, the September 20, 1995 judgment reinstates a lien on Riner's property to pay for the attorney's fees. The judgment of March 1, 1992, that initially awarded attorney's fees to Briargrove, did not mention this provision, nor is there any evidence indicating this change was the result of a clerical error.

We determine there is no evidence to support the conclusion that the judgment rendered on September 20, 1995 was the result of corrected clerical errors. The differences between the judgments dated March 1, 1995, and September 20, 1995, required judicial determination and reasoning. The changes to the judgment were both substantive and material and could not properly be accomplished by a judgment nunc pro tunc. *See Mathes v. Kelton,* 569 S.W.2d 876, 877–78 (Tex.1978). The trial court modified a judgment, as the judge self-labeled his effort, outside its plenary jurisdiction.

We therefore sustain appellant's first point of error and hold that the judgment rendered on September 20, 1995 was an attempt to cure a judicial error and was, therefore, improper. The September 20, 1995 judgment is reversed and a judgment of dismissal is rendered.

---

2. The judgment from the original trial on March 1, 1992, ordered Riner to pay $2,018.79 to Briargrove. Although the judgment was to be satisfied out of Riner's property, he paid the judgment when an order of sale was issued on the property.