Opinion issued June 30, 2005
     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00890-CV




RICHARD BARTON, INDEPENDENT EXECUTOR OF THE ESTATE OF
CLYDE E. GILLESPIE, Appellant

V.

LORA A. GILLESPIE AND JERRY HAYES, Appellees




On Appeal from the Probate Court
Galveston County, Texas
Trial Court Cause No. 63,999-A




O P I N I O N

          Appellant, Richard Barton, Independent Executor of the Estate of Clyde E.
Gillespie, appeals the trial court’s modification of judgment in favor of appellees,
Lora A. Gillespie (Wife) and Jerry Hayes. In his sole issue, appellant asks this Court
to set aside and find void the portion of the Final Decree of Divorce Nunc Pro Tunc
that changes Clyde E. Gillespie’s (Husband) award of a money judgment and an
equitable lien against Wife’s interest in the disputed property.
          We affirm.
Background
          This appeal arises from a divorce. Husband and Wife agreed on all issues
except ownership of a piece of property located in Hobbs, New Mexico (Hobbs
Property). Jerry Hayes (Intervenor), an appellee in this case and Wife’s son,
intervened in the divorce suit to protect his interest in the Hobbs Property. Intervenor
lived on the Hobbs Property and paid the mortgage, taxes, insurance, and
maintenance for a number of years. A bench trial was conducted in March 2002
concerning the ownership of the Hobbs Property.
          At the end of August 2002, the trial court wrote and faxed a letter to Husband,
Wife, and Intervenor regarding its disposition of the Hobbs Property. The letter
stated:
The Court finds that the property located . . . in Hobbs, New Mexico,
belongs one-half to the community estate of [Husband] and [Wife] and
one-half to [Intervenor].
 
The Court further finds that on the date of the divorce, the fair market
value of the real property was $260,000 . . . .
 
The Court further finds that the estate of [Husband] is entitled to a
judgment of $65,000.00 from the estate of [Wife] and is awarded a lien
on the property located at . . . Hobbs, New Mexico. . . .
 
The Court further orders that [Husband’s] community interest in the
property be sold.

The trial court instructed Husband’s attorney to draft the divorce decree and submit
it to opposing counsel.
          On September 30, 2002, the trial court conducted a hearing and signed the
“Final Decree of Divorce.” The relevant portions of the Final Decree of Divorce
stated:
Provisions Dealing with the Sale of Residence
 
IT IS FURTHER ORDERED AND DECREED that the [Hobbs]
property and all improvements . . . shall be sold under the following
terms and conditions. . .
 
The property shall be listed for a minimum sales price of $260,000. . .
 
Sixty-Five Thousand Dollars and no/100 ($65,000.00) plus interest . . .
to [Husband] in full satisfaction of the judgment against [Wife] awarded
herein, . . . 
 
One-third of the remaining net proceeds to [Husband], and . . .
The remaining net proceeds less the real property taxes owed against the
property to date of judgment to [Intervenor].

Equitable Interest Lien Against [Wife] for Discharge of Debt
 
IT IS DECREED that the estate of [Husband] is entitled to
reimbursement from the estate of [Wife] and that [Husband] is entitled
to a judgment of $65,000.00, secured by an equitable lien on the [Hobbs
Property]. IT IS THEREFORE ORDERED AND DECREED that
[Husband] is awarded a judgment of $65,000.00 against [Wife]. To
secure payment of the judgment, [Husband] is granted an equitable lien
on the separate property of [Wife’s interest in the Hobbs Property].

          The Final Decree of Divorce was not challenged with a motion for new trial by
any party. Instead, on October 7, 2002, Intervenor requested findings of fact and
conclusions of law. On October 22, 2002, the trial court signed and filed its findings
of fact and conclusions of law. The trial court’s findings of fact provide:
During the marriage [Husband] and [Wife] acquired the [Hobbs
Property] other than by gift or inheritance . . .
 
On the date of divorce, the fair market value of the [Hobbs Property]
was $260,000.00.
. . .
On the date of divorce, the [Hobbs Property] was owned 1/2 by
[Husband] and [Wife] as community property and 1/2 by Intervenor.

          On November 27, 2002, the trial court conducted a hearing because “this judge
didn’t carefully read the judgment that she signed. And because there are things in
the judgment that the Court did not order. And we are here to try to figure out how
to fix it.” The following discourse took place:
[Husband’s Counsel]: It is my position, your Honor, that if this
judgment does not contain what you’ve intended it to, it was drafted by
me based on how I read the rendition that his court rendered in this case. 
And it is my position that if there’s a perceived error in the judgment,
it’s a judicial error . . . not a clerical error [and] cannot be corrected by
a judgment nunc pro tunc.
. . .
Judgment in this case was signed on September the 20th of 2002, with
the plenary power expiring then on October the 20th 2002 is my
understanding. 
 
No motions were filed during that plenary period 
          . . .
[Trial Court]: But nowhere in my rendition did I order the property
sold.

Based on Electronic Power Design, Inc. v. R.A. Hanson,


 intervenor argued that the
trial court’s plenary power was extended because he had filed a request for findings
of fact and conclusions of law. The trial court concluded the hearing by granting, on
its own motion, a new trial to “correct a judicial error.” The trial court stated it based
its decision on Electronic Power. 
          Husband sought a writ of mandamus from the court of appeals to order the trial
court to vacate its November 27, 2002 order setting aside the divorce decree because
the trial court no longer had plenary power to act. See In re Gillespie, 124 S.W.3d
699, 701–02 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). The court
of appeals denied the writ of mandamus and motion to dismiss. Id. at 701. The court
held that a trial court’s plenary power is not extended by a request for findings of fact
and conclusions of law. Id. at 703. The court then overruled Electronic Power to the
extent that it held that a request for findings of fact and conclusions of law extends
the trial court’s plenary power. Id. at 704. The court of appeals concluded by stating,
“We are confident the trial court will reconsider its order in light of our conclusion,
that a request for findings of fact and conclusions of law does not extend a court’s
plenary power.” Id. at 704–05. 
          Relying on the court of appeals’s opinion regarding his mandamus, Husband
filed a motion to vacate the trial court’s order granting a new trial. The trial court
granted the order on April 7, 2004.
          In June 2004, Intervenor filed a motion for judgment nunc pro tunc because the
Final Decree of Divorce signed on September 20, 2002, contained two incorrect
provisions. First, the judgment orders the entire Hobbs Property sold. Second, it
orders one-third of the remaining proceeds from the sale to go to Husband, above his
interest in the property. Intervenor contended that neither of these provisions was
included in the judgment rendered by the trial court. 
          In July 2004, the trial court held a hearing on Intervenor’s motion for judgment
nunc pro tunc. 
[Trial Court]: First of all it was very clear in my letter that I was
ordering only [Husband’s] interest sold. I don’t believe that . . . . And
as I also said, I don’t know that it was on the record before, I did not
read the decree word for word at the time that I sold it — signed it. But
it was my intention to only require [Husband’s] interest sold.
. . .
 
[E]ssentially what the Court had intended was that [Husband] would get
$65,000 cash, that on the payment of that, [Wife] would own half of the
property and [Intervenor] would own half the property.
. . .
 
It’s my understanding, is it not, [Husband’s counsel], that you’re willing
to agree that the portion regarding the sale would be clerical error?
 
[Husband’s Counsel]: Yes, ma’am.
 
[Trial Court]: I can sign, without a doubt, sign an order that orders only
[Husband’s] interest in the property sold.
 
. . .
 
[Intervenor’s Counsel]: So by granting the equitable lien . . . did you
mean to award an additional $65,000?
 
[Trial Court]: No.

While the parties agreed that the provision ordering the sale of the house was a
clerical error, the parties did not come to an agreement regarding the error granting
Husband a total of $130,000, instead of $65,000.
          At the end of the hearing, the trial court made hand-written changes to the Final
Decree of Divorce Nunc Pro Tunc and signed it on July 19, 2004. The Final Decree
of Divorce Nunc Pro Tunc stated:
IT IS DECREED that to effectuate the sale of [Husband’s] interest in the
property in Hobbs, New Mexico . . . [Husband] is entitled to a judgment
of $65,000, secured by an equitable lien on the property located at . . .
Hobbs, New Mexico. IT IS THEREFORE ORDERED AND
DECREED that [Husband] is awarded a judgment of $65,000 against
[Wife]. To secure payment of the judgment, [Husband] is granted an
equitable lien on the separate property of [Wife], . . . Hobbs, New
Mexico, until the entire judgment, plus accrued interest, is paid in full.
. . . Upon payment of the above judgment, [Husband] shall be divested
of his undivided one-fourth interest in the [Hobbs Property] and the
equitable lien shall be released.

This appeal followed.
Discussion
          We construe appellant’s argument to be that the trial court relieved Wife of her
obligation to pay Husband $65,000 above his one-fourth interest in the Hobbs
Property when it signed the Final Decree of Divorce Nunc Pro Tunc. Appellant relies
on McGehee v. Epley, and In re Broussard, for the contention that it is not a clerical
error to impose an obligation to pay where no obligation existed before the judgment
nunc pro tunc. See McGee, 661 S.W.2d 924, 925–26 (Tex. 1983) 92; 112 S.W.3d
827, 833–34 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). Appellant
contends that “the effect of that [judgment nunc pro tunc] order was to eliminate the
portion of the original order which granted [Husband] a judgment against [Wife] for
$65,000.” Appellant argues that, just as a clerical error cannot impose an obligation
to pay where one did not previously exist, a clerical error cannot relieve a person of
an obligation to pay where one previously did exist.
          Appellees contend that the trial court’s rendition did not both award Husband
$65,000 and order the Hobbs Property to be sold so that Husband could receive an
additional $65,000. Appellees argue that the trial court clarified its intention of the
rendition at the July 2004 hearing. As quoted above, the trial court stated at the
hearing that (1) only Husband’s interest in the Hobbs Property should be sold and (2)
that by granting the equitable lien against Wife’s interest in the Hobbs Property the
court was not awarding Husband an additional $65,000. Therefore, appellees contend
that because the original divorce decree did not accurately reflect the trial court’s
rendition, the errors were clerical and were properly corrected by the judgment nunc
pro tunc.
          Rule 329b(d) of the Texas Rules of Civil Procedure provides that the trial court
has plenary power for 30 days after the judgment is signed to grant a new trial or to
vacate, modify, correct, or reform the judgment. Tex. R. Civ. P. 329b(d). Once the
trial court’s plenary power expires, the trial court cannot set its judgment aside except
by a bill of review for sufficient cause. Tex. R. Civ. P. 329b(f). However, the trial
court may correct clerical errors in the judgment at any time by using a judgment
nunc pro tunc. Tex. R. Civ. P. 316; 329b(f); Escobar v. Escobar, 711 S.W.2d 230,
231 (Tex. 1986). The trial court signed the original divorce decree on September 20,
2002. Thus, the trial court’s plenary power expired on October 20, 2002. See Tex.
R. Civ. P. 329b(d). The issue is whether the trial court’s Final Decree of Divorce
Nunc Pro Tunc, signed on July 19, 2004, corrected clerical errors or was void because
it corrected judicial errors.
          A clerical error is a discrepancy between the entry of a judgment in the record
and the judgment that was actually rendered. See Andrews v. Koch, 702 S.W.2d 584,
585 (Tex. 1986); Butler v. Cont’l Airlines, Inc., 31 S.W.3d 642, 647 (Tex.
App.—Houston [1st Dist.] 2000, pet. denied). A clerical error does not result from
judicial reasoning, evidence or determination. Andrews, 702 S.W.2d at 585. 
Conversely, a judicial error arises from a mistake of law or fact that requires judicial
reasoning to correct. Butler, 31 S.W.3d at 647. A judicial error occurs in the
rendering, rather than the entering of the judgment. Escobar, 711 S.W.2d at 231. 
          A trial court can only correct nunc pro tunc the entry of a final written
judgment that incorrectly states the judgment actually rendered. Id. at 231–32. Even
if the trial court incorrectly renders judgment, the trial court cannot alter a written
judgment that precisely reflects the incorrect rendition. Id. at 232. If the trial court
corrects a judicial error after its plenary power has expired, the judgment is void. 
Dikeman v. Snell, 490 S.W.2d 183, 186 (Tex. 1973). When deciding whether an error
in a judgment is clerical or judicial, the court must look to the judgment actually
rendered and not the judgment that should have been rendered. Escobar, 711 S.W.2d
at 231. Whether an error is judicial or clerical is a question of law. Id.
          It is well settled that the rendition of a judgment occurs when the trial court’s
decision is officially announced either by a signed memorandum filed with the clerk
of the court or orally in open court. In re Fuselier, 56 S.W.3d 265, 268 (Tex.
App.—Houston [1st Dist.] 2001, orig. proceeding). Here, neither party disputes that
the trial court’s August 2002 letter was the trial court’s rendition of judgment.
          In order for a judgment nunc pro tunc to be properly granted, the evidence must
be clear and convincing that a clerical error was made. Riner v. Briargrove Park
Prop. Owners, 976 S.W.2d 680, 683 (Tex. App.—Houston [1st Dist.] 1997, no writ);
see Broussard, 112 S.W.2d at 833. Evidence may be from oral testimony of
witnesses, written documents, previous judgments, docket entries, or the trial judge’s
personal recollection. Riner, 976 S.W.2d at 683. If the trial court relies on its own
personal recollection of the facts, we presume that the court’s recollection supports
the finding of clerical error. Id.
          As evidenced by the trial court’s statements at the November 2002 and July
2004 hearings, the divorce decree signed on September 30, 2002 clearly did not
reflect the trial court’s rendition. As the parties agreed, the rendition did not order the
entire Hobbs Property sold, only Husband’s one-fourth interest. No party disputes
this was a clerical error. Therefore, the error was properly corrected by the judgment
nunc pro tunc. See Andrews, 702 S.W.2d at 585.
          The heart of the dispute, however, is how much money the court ordered Wife
to pay Husband in its rendition of judgment. The trial court explained in the July
2004 hearing that it never intended to grant Husband an additional $65,000 above his
one-fourth interest in the Hobbs Property. The trial court hand-corrected the Decree
of Divorce Nunc Pro Tunc to accurately reflect the trial court’s understanding of its
rendition. Because the trial court relied on its personal recollection, we will presume
the trial court’s recollection supports the finding that the error was clerical and that
Husband is entitled only to one-fourth of the Hobbs Property, worth $65,000, with
an equitable lien against Wife’s interest in the Hobbs Property to secure payment. 
See Riner, 976 S.W.2d at 683; Pruet v. Coastal States Trading, Inc., 715 S.W.2d 702,
705 (Tex. App.—Houston [1st Dist.] 1986, no writ) (holding that trial court may rely
on its personal recollection of facts at time of original judgment’s rendering, and, if
trial court corrects its judgment by signing judgment nunc pro tunc, court’s personal
recollection supports finding of clerical error).
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.