**Opinion issued August 13, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00442-CR

———————————

## IN RE RANDELL GLEN LAWS, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

On August 6, 2004, relator, Randell Glen Laws, was convicted of murder and the trial court assessed punishment at 99 years' confinement. This Court affirmed his conviction on February 2, 2006. *See Laws v. State*, No. 01-04-00847-CR (Tex. App.—Houston [1st Dist.] Feb. 2, 2006) (not designated for publication). In this petition

for writ of mandamus, relator contends that the 2004 judgment[1] was erroneous because the trial court incorrectly made a deadly weapon finding and requests that this Court correct the "erroneously added Deadly Weapon Finding."

If relator is requesting that this Court alter the judgment from his final conviction, we cannot do so. Laws seeks relief from a final felony conviction. This Court is without jurisdiction to grant such relief because the exclusive remedy for final felony convictions is a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2005); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *See* TEX.CODE CRIM. PROC. ANN. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene*, 910 S.W.2d at 483; *In re McAfee*, 53 S .W.3d at 717–18.

If relator is requesting that we review by mandamus the trial court's denial of his request for a judgment nunc pro tunc,[2] he has not shown himself entitled to

---

[1]   In April 2013, the trial court signed a judgment nunc pro tunc, which gave the relator an additional 15 days' jail time credit, but which in no way affected the remaining portions of the 2004 judgment, including the deadly weapon finding.

[2]   *See Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004) (emphasis added) (holding that review of trial court action or inaction on motion for judgment by nunc pro tunc is by petition for writ of mandamus to court of appeals).

2

such relief. To obtain a judgment nunc pro tunc, relator would have to demonstate that his motion for judgment nunc pro tunc was to correct a clerical error. A judgment nunc pro tunc should be issued only if the record is clear and convincing that a clerical error was made. *See Riner v. Briargrove Park Prop. Owners, Inc.,*976 S.W.2d 680, 682 (Tex. App.—Houston [1st Dist.] 1998, no pet.). The court of criminal appeals has described the purpose of a judgment nunc pro tunc as follows:

> The traditional purpose of a judgment nunc pro tunc is "to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." A court cannot grant a judgment nunc pro tunc to "change a court's records to reflect what it believes should have been done." Therefore, "there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time." Moreover, a judgment nunc pro tunc may fix only clerical, not judicial errors. The difference between the two, itself a question of law, "depends on the nature of the error, not on who made the error." Judicial errors result from "judicial reasoning." If the trial judge must "exercise discretion or resolve conflicting legal claims," then he or she has exercised judicial reasoning. *In contrast, a trial judge commits a clerical error if her or she unintentionally fails to do some required, ministerial action* "that is so obviously spelled out that the judge would not have any discretion about whether or not to perform the duty.

*State v. Schmitt*, No. PD-0594-1, 2012 WL 3996813 (Tex. Crim. App. Sept. 12, 2012) (not designated for publication). Relator alleges that the trial court did not have the legal authority to include a deadly weapon in the 2004 judgment, and that such an error was a clerical error that the trial court should have corrected by deleting the deadly weapon in a nunc pro tunc judgment.

3

However, nothing in the record shows that the trial court accidentally included the deadly weapon finding in the 2004 judgment or that a clerical and ministerial duty was involved. Indeed, the trial court's decision to include the deadly weapon finding, whether correct or erroneous, was based on the trial court's decision that it had the legal authority to do so. Therefore, the trial court's inclusion of the deadly weapon finding in the 2004 judgment was a judicial determination by the trial court. As such, the deadly weapon finding cannot be deleted by the trial court by way of judgment nunc pro tunc, and the trial court did not err in denying relator's request for a judgment nunc pro tunc.

Accordingly, we deny the petition for writ of mandamus, and we dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

4