ACCEPTED
07-15-00165-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
7/1/2015 12:53:33 PM
Vivian Long, Clerk

NO. 07-15-00165-CV

IN THE
COURT OF APPEALS
SEVENTH JUDICIAL DISTRICT
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
7/1/2015 12:53:33 PM
VIVIAN LONG
CLERK

*DANNY LEE SHEAD*,
Appellant

*VS*.

*THE STATE OF TEXAS*,
Appellee

APPEAL IN CAUSE NO 8461-B
IN THE 181ST DISTRICT COURT
OF RANDALL COUNTY, TEXAS

*BRIEF OF APPELLEE*

JAMES A. FARREN
Randall County Criminal District Att'y

WARREN L. CLARK
wclark@randallcounty.org
clarkwl3@gmail.com
Assistant Criminal District Attorney
SBN 04300500
2309 Russell Long Boulevard, Suite 120
Canyon, Texas 79015
Tel. (806) 468-5570
Fax (806) 468-5566

Attorney for Appellee

# *IDENTITY OF PARTIES AND COUNSEL*

***PARTIES TO TRIAL COURT JUDGMENT*:**

The State of Texas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (Appellee)

Danny Lee Shead  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Defendant (Appellant)

***TRIAL AND APPELLATE COUNSEL*:**

Danny Lee Shead . . . . . . . . . . . . . . . . . . . . . . . . . . . *Pro Se* Defendant / Appellant
TDCJ # 1484832
Tulia Transfer Unit
4000 Hwy 86 West
Tulia, Texas 79088

Warren L. Clark   . . . . . . . . . . . . . . . . . . . . . . . . Appellate Counsel for Appellee
Appellate Chief
Assistant Criminal District Attorney
Randall County Criminal District Attorney's Office
2309 Russell Long Blvd., Suite 120
Canyon, Texas 79015

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

      Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

      Constitutions And Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

      Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    Nature Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B.    Course Of Proceedings and Disposition . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Issue:      Whether there is error apparent on the face of the record. . . . . . . . . 5

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# INDEX OF AUTHORITIES

*CASES*:

*Andrews v. Koch*, 702 S.W.2d 584 (Tex. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Barton v. Gillespie*, 178 S.W.3d 121
   (Tex.App.-Houston [1st Dist.] 2005, no pet.) . . . . . . . . . . . . . . . . . . . . . 8

*Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642
   (Tex.App.-Houston [1st Dist.] 2000, pet. denied) . . . . . . . . . . . . . . . . . . . 8

*Escobar v. Escobar*, 711 S.W.2d 230 (Tex. 1986) . . . . . . . . . . . . . . . . . . . . . . . . 8

*Harrell v. State*, 286 S.W.3d 315 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . 5-7

*Mathews v. Eldridge*, 424 U.S. 319 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Riner v. Briargrove Park Prop. Owners, Inc.*, 976 S.W.2d 680
   (Tex.App.-Houston [1st Dist.] 1997, no writ) . . . . . . . . . . . . . . . . . . . . . 9

*Shead v. State*, No. 07-15-00084-CV
   (Tex.App.-Amarillo March 24, 2015, no pet.) (unpublished) . . . . . . . . . . 1-2

*Sorsby v. State*, 624 S.W.2d 227
   (Tex.App.-Houston [1st Dist.] 1981, no writ) . . . . . . . . . . . . . . . . . . . . 7-8

*CONSTITUTIONS AND STATUTES*

TEX. CODE CRIM. PROC. ANN. art. 103.009 . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. GOV'T CODE ANN. § 501.014(e) (Vernon Supp. 2009) . . . . . . . . . . . . . . 1

*RULES*

TEX. R. APP. P. 38.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. R. APP. PROC. 38.2(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

**A.    *NATURE OF THE CASE***

This is a restricted appeal arising from an order to withdraw inmate funds under Government Code section 501.014(e).

**B.    *COURSE OF PROCEEDINGS AND DISPOSITION***

Appellant was convicted of Sexual Assault in Cause Number 8461-B on April 1, 1996. (C.R. 1: 5-7). In February 2010, the trial court entered an order to withdraw funds from Appellant's inmate trust account pursuant to Government Code section 501.014(e). TEX. GOV'T CODE ANN. § 501.014(e) (Vernon Supp. 2009). (C.R. 1: 8) A *Nunc Pro Tunc Order To Withdraw Funds* was entered and filed of record by the trial court on May 22, 2014. (C.R. 1:14-15) On July 21, 2014, Appellant filed his *Objection to Nunc Pro Tunc Order to Withdraw Funds.* (C.R. 1:16-19) Appellant filed an additional motion styled *Motion To Rescind Order to Withdraw Inmate Funds and Return All Monies Garnished Back to Inmate* on September 23, 2014. (C.R. 1:21-24) On January 8, 2015, the trial court entered its *Order Denying Defendant's Objections to Nunc Pro Tunc Order to Withdraw Funds and Motion To Rescind Order to Withdraw Inmate Funds*. (C.R. 1:26) Appellant attempted to appeal this order but it was dismissed for want of jurisdiction. *See Shead v. State*, No. 07-15-00085-CV

1

(Tex.App.-Amarillo March 24, 2015) (not designated for publication). Subsequently,

less than one month later, Appellant gave notice of his restricted appeal in this cause.

### ISSUE PRESENTED

Based on TEX. R. APP. P. 38.2(a)(1)(B), Appellee asserts that the following is

a correct statement of the issue presented:

Whether there is error apparent on the face of the record as it pertains to the trial

court's order withdrawing inmate funds.

NO. 07-15-00165-CV

IN THE
COURT OF APPEALS
SEVENTH JUDICIAL DISTRICT
AMARILLO, TEXAS

DANNY LEE SHEAD,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

APPEAL IN CAUSE NO. 8461-B
IN THE 181ST DISTRICT COURT
OF RANDALL COUNTY, TEXAS

*BRIEF OF APPELLEE*

TO THE HONORABLE JUSTICES OF THE SEVENTH COURT OF APPEALS:

Based on TEX. R. APP. P. 38.2, Appellee, The State of Texas ("Appellee") files

its brief in the above-entitled and numbered cause.

## STATEMENT OF FACTS

The facts necessary to adequately address the issue are contained in the Statement of the Case.

## SUMMARY OF THE ARGUMENT

Appellant claims that his due process rights were violated when the trial court signed and entered a *nunc pro tunc* order to withdraw funds from his inmate trust account. (Appellant's Brief at p. 10) He argues that the trial court was without plenary power to do so. However, a trial court may, at any time, correct a clerical error by entering the appropriate *nunc pro tunc* judgment or order. As long as the correction pertains to a discrepancy between the judgment or order entered and actual record, and does not arise from judicial reasoning or determination, the trial court is not prohibited from entering the *nunc pro tunc* ruling once the trial court's plenary power has expired. Here, the trial court merely corrected the amount due under a certified bill of cost pertaining to the judgment of conviction entered against Appellant. In fact, the corrected amount inured to the benefit of Appellant since it authorized withdrawal of a lesser sum, giving due credit to payments already received and deleting court-appointed attorney's fees. A facial review of the record reveals no error, save and except for the inclusion of a fine of $1,000.00 which should be deleted since it was not imposed by the trial court when Appellant was sentenced on April 1, 1996.

4

## *ARGUMENT*

*Issue*:     ***Whether there is error apparent on the face of the record as it pertains to the trial court's order withdrawing inmate funds.***

### *Appellant was not deprived of procedural due process*

Appellant's due process concerns were addressed by the Supreme Court in *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009). Although the court held that an inmate is entitled to notice and an opportunity to be heard regarding an order like the one here at issue, it also held that neither need occur before funds are actually withdrawn. *Harrell v. State*, 286 S.W.3d at 321. As for the amount of process due, the *Harrell* court balanced three factors: 1) the privacy interest affected; 2) the risk of erroneous deprivation of that interest through the procedures used and the probable value of additional or substitute procedural safeguards and 3) the government's interest, including fiscal and administrative burdens, that the substitute or additional procedure would entail. *Id.*, at 320-21 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). In both *Harrell* and the present case, the interest affected is the money in the inmate's trust account. *Harrell v. State*, 286 S.W.3d at 319.

As for the second factor, the *Harrell* court stated that any risk of an erroneous deprivation was modest because the defendant was notified of the costs assessed when he was sentenced and was free at that time to contest them. *Id.*, at 320. Here, unlike

5

the judgment in *Harrell*, the amount of costs was not written into Appellant's judgment. Appellant nonetheless had a chance, and in fact took advantage of that chance, to question the costs when he filed his motions to rescind the withholding orders. Although Appellant could have assailed the type of costs assessed, he has only claimed, in a multifarious point, that the costs were assessed too late. (Appellant's Brief at 8-10).

The District Clerk is required to keep a record of each fee or item of cost charged for a service rendered in a criminal case. TEX. CODE CRIM. PROC. ANN. art. 103.009 (Vernon 2006). A statement of an item of cost in a fee record is prima facie evidence that the statement is correct. *Id*., at art. 103.009(c). A cost is payable by a defendant when a written bill is produced, or is ready to be produced, containing the items of cost. *Id*., at art. 103.001 (Vernon 2006). Appellant was specifically ordered in the judgments to pay costs of court. (C.R. 1:6) Thus, regardless of whether the amount of costs were written *vel non* on Appellant's judgment, he was ordered to pay them at the time he was convicted and they became due when the Bill of Costs was produced. Even though Appellant may not have learned of the amount and type of costs as early as Harrell did, he still had an opportunity to contest them, which he did. Accordingly, as in *Harrell*, any risk of an erroneous deprivation of rights was modest. *Harrell v. State*, 286 S.W.3d at 320. (Of course, the same cannot be said regarding the

6

actual fine assessed against Appellant. He was informed of same at the time of his sentencing in open court and remained aware of his obligation, regardless of the duration of time which had passed from the time of his formal sentencing to the trial court's entry of the nunc pro tunc order withdrawing inmate funds.)

Regarding the third factor, the *Harrell* court noted that the State's interest is in the efficient recoupment of court costs. *Id.* In balancing all three factors together, the court determined that an inmate is entitled to notice, which Harrell received through a copy of the notification of withdrawal of funds, and an opportunity to be heard, which Harrell received via his motion to rescind the withdrawal notification. *Id.* Harrell's motion to rescind was considered, and denied, by the trial court. According to the Supreme Court, no other process was due. *Id.* Likewise, Appellant received a copy of the orders to withdraw funds and his contest of those orders was considered and denied by the trial court. He thus has received all that due process requires.

As for Appellant's claim that the State is prevented from collecting the court costs at issue since it waited fourteen years to do so, this argument has no merit. Essentially, Appellant is suggesting that theories such as adverse possession, estoppel or laches somehow apply to the State and prevent it from collecting these fees. The suggestion has no merit. *See Sorsby v. State*, 624 S.W.2d 227, 236 (Tex.App.-Houston

[1st Dist.] 1981, no writ).  Delay in seeking recoupment from the inmate's trust account poses no bar to it.

### *The trial court was permitted to enter an order on the* <u>*nunc pro tunc order to withdraw inmate funds*</u>

Pursuant to Rule 329(b) of the Texas Rules of Procedure, the trial court has plenary power for 30 days after a judgment or appealable order is signed to grant a new trial or to vacate, modify, correct or reform same. TEX. R. APP. PROC. 329b(d). Once the trial court's plenary power expires, it cannot set its judgment aside except by a bill of review for sufficient cause. TEX. R. APP. PROC. 329b(f); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986); *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex.App.-Houston [1st Dist.] 2005, no pet.).  A clerical error is a discrepancy between the entry of the judgment, order or supporting document in the record and the judgment, order or document actually rendered or entered.  It does not arise from judicial reasoning or determination. *Barton*, 178 S.W.3d at 126 (citing to *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986)).

On the flip side, a judicial error occurs in the rendering, as opposed to the entering, of a judgment or order. *Escobar*, 711 S.W.2d at 231.  It arises from a mistake of law or fact that requires judicial reasoning to correct. *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 647 (Tex.App.-Houston [1st Dist.] 2000, pet. denied).  The record must

8

be clear and convincing that a clerical error has been made. *See Riner v. Briargrove Park Prop. Owners, Inc*., 976 S.W.2d 680, 683 (Tex.App.-Houston [1st Dist.] 1997, no writ). Evidence in support of the entry of a *nunc pro tunc* order may be supported by reference to oral testimony given by witnesses, written documents, previous judgments, docket entries or the trial judge's personal recollection. *Riner*, 976 S.W.2d at 683.

In the case at bar, the discrepancy corrected is simply the amount of court costs, fees and fine owed by Appellant as a direct result of his conviction for Sexual Assault after having given him due credit for amounts he had paid from the date of entry of original judgment, as well as deleting court appointed attorney's fees. (C.R. 1:13) The fact that Appellant may have discharged the actual sentence imposed back in 1996 did not eliminate his liability for those amounts assessed as court costs and mandatory fees. However, the inclusion of the $1,000.00 fine does not constitute a discrepancy which is amenable to correction by way of a *nunc pro tunc* order since it was not imposed by the trial court as part of Appellant's sentence back on April 1, 1996. To the extent that the order to withdraw funds commanded the withdrawal of a minimal amount of court costs and the totality of the court-imposed fine, to the exclusion of court-appointed attorney's fees and fine, there is no plain error in the enforcement of said order.

## *PRAYER*

WHEREFORE, Appellee, the State of Texas, respectfully requests that this Court affirm the judgment of the trial court in all respects.

Respectfully submitted,

James A. Farren
Randall County Criminal
District Attorney

Warren L. Clark
Warren L. Clark
Appellate Chief
clarkwl3@gmail.com
wclark@randallcounty.org
Assistant Criminal District Att'y
SBN 04300500

2309 Russell Long Boulevard, Suite 120
Canyon, Texas 79015
Tel. (806) 468-5570
Fax (806) 468-5566

## *CERTIFICATE OF COMPLIANCE*

I hereby certify that the foregoing brief consists of a total of 2,377 words, prepared with WordPerfect software, 14 point Times New Roman font.

Warren L. Clark
Warren L. Clark

## *CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of the foregoing brief was served upon Appellant by mailing a copy to Danny Lee Shead, TDCJ # 1484832, Tulia Transfer Unit, 4000 Hwy 86 West, Tulia, Texas on this the 1st day of July, 2015.

<u>Warren L. Clark</u>
Warren L. Clark