**Dismiss and Opinion Filed October 23, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00803-CV

**KATERINA VANCE, Appellant**
**V.**
**JERRY BLEVINS, Appellee**

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-07740**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

Appellant appeals the trial court's June 12, 2015 "Order on Motion to Correct Order."

Upon review of the clerk's record, it appeared that the district court did not have the authority to sign the order. By letter dated July 27, 2015, we notified the parties that we questioned the trial court's plenary power to sign the order and requested briefing from the parties. Appellant filed a letter brief in response to the Court's request, but did not address the trial court's plenary power. Appellee did not respond to the Court's request for briefing. While it is unnecessary to appeal from a void judgment, this Court may take an appeal and declare the judgment void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 543 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

The trial court signed an order dated July 28, 2014, resolving all claims among all parties in this suit affecting a parent-child relationship which was brought to establish appellee's parentage. The Office of the Attorney General filed a timely motion to correct the order, and alternatively, moved for a new trial. After a hearing, the trial court granted the motion on June 12, 2015. The form of the trial court's June 12, 2015 judgment differs substantially from the trial court's original judgment. The trial court's order granting the motion adds new provisions regarding the payment of child support, provides for interest on arrearages, and permits the joint managing conservators to inherit from and through the children.

The July 28, 2014 order was final because it disposed of all claims and all parties. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) (A judgment is final for purposes of appeal "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties."). The Office of the Attorney General's motion to modify, correct, or, in the alternative, motion for new trial was timely filed within thirty days of July 28, 2014 order. *See* TEX. R. CIV. P. 329b(a), (g). However, because the trial court did not sign a written order by October 11, 2014—seventy-five days after the July 28, 2014 order—the Office of the Attorney General's motion was overruled by operation of law on October 11, 2014. *See* TEX. R. CIV. P. 329b(c) (In the event a motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law.). The trial court had plenary power to grant a motion to vacate, modify, correct, or reform the judgment until thirty days after such motions were overruled by operation of law; however, the trial court's plenary power expired on November 10, 2014—thirty days after October 11, 2014. *See* TEX. R. CIV. P. 329b(e) (The trial court retains plenary power to vacate, modify, correct, or reform the judgment until thirty days

after all such timely-filed motions are overruled, either by a written and signed order or by operation of law.). The court signed the June 12, 2015 order seven months after the date its plenary power expired. Thus, the trial court was authorized to sign the June 12, 2015 order only if the order is a proper judgment nunc pro tunc. *See* TEX. R. CIV. P. 316; *Riner v, Briargrove Park Prop. Owners, Inc.*, 976 S.W.2d 680, 682 (Tex. App.—Houston [1st Dist.] 1997, no writ) (court may correct clerical mistakes in the record of any judgment through a judgment nunc pro tunc after a court's plenary power expires).

A judgment nunc pro tunc may be used to correct a clerical error, but may not be used to correct a judicial error. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). A clerical error is a discrepancy between the entry of a judgment in the official record and the judgment as it was actually rendered. *Universal Underwriters Ins. v. Ferguson*, 471 S.W.2d 28, 29-30 (Tex. 1971). A judicial error occurs when the court considers an issue and makes an erroneous decision. *See Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58-59 (Tex. 1970). The court can only correct the entry of a final written judgment that incorrectly states the judgment actually rendered. *Escobar*, 711 S.W.2d at 231-32. The June 12 order does not seek to correct the entry of a final written judgment, but rather adds completely new provisions—such as the ability for the joint managing conservators to inherit from and through the children and the addition of interest charges on the child support arrearages. Because the June 12, 2015 order adds new substantive provisions rather than merely correcting a clerical error in the July 28, 2014 order, the June 12, 2015 order cannot be considered a judgment nunc pro tunc.

Because the court acted beyond its plenary power in signing the June 12, 2015 order, the order is void. *See Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.). This leaves the July 28, 2014 order as the final judgment of the trial court, and no party filed a timely notice of appeal from that judgment. Without a timely filed notice of appeal, this Court

lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b). Because no party filed a timely notice of appeal from the July 28, 2014 order, this Court lacks jurisdiction over the appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.

150803F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KATERINA VANCE, Appellant

No. 05-15-00803-CV      V.

JERRY BLEVINS, Appellee

On Appeal from the 301st Judicial District Court, Dallas County, Texas

Trial Court Cause No. DF-13-07740.

Opinion delivered by Chief Justice Wright. Justices Lang-Miers and Stoddart participating.

In accordance with this Court's opinion of this date, we **VACATE** the June 12, 2015 judgment of the 301st Judicial District Court and **DISMISS** the case.

It is **ORDERED** that appellee JERRY BLEVINS recover his costs of this appeal from appellant KATERINA VANCE.

Judgment entered this 23rd day of October, 2015.