**Petition for Writ of Mandamus Conditionally Granted and Opinion filed March 26, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00045-CR

---

### IN RE ROLAND RAMOS, Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
122nd District Court
Galveston County, Texas
Trial Court Cause No. 98-CR-0766**

---

## O P I N I O N

Relator Roland Ramos has filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable John Ellisor, presiding judge of the 122nd District Court of Galveston County, to rule on relator's "Motion for Judgment Nunc Pro Tunc," which relator filed in May 2019.

To be entitled to mandamus relief, relator must show that (1) he lacks an adequate remedy at law for obtaining the relief he seeks and (2) what relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017). If a party properly files a motion with a trial court, the trial court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *See In re Flanigan*, 578 S.W.3d 634, 635–36 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding). Thereafter, if a trial court fails to rule, mandamus may issue to compel the trial court to act. *See id.* at 635–36.

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See id.*; Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). For mandamus relief to be granted, the record must show (1) the motion was filed and brought to the attention of the respondent-judge for a ruling, and (2) the respondent-judge has not ruled on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party requested a ruling. *See id.* To establish that the motion was filed, the relator must provide either a file-stamped copy of the motion or other proof that the motion, in fact, was filed and is pending before the trial court. *Id.* Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court. *In re Amaro*, No. 14-14-00340-CV, 2014 WL 2157088, at *1–2 (Tex. App.—Houston [14th Dist.] May 20, 2014, orig. proceeding) (per curiam) (mem. op.). *See also In re*

2

*Villarreal*, 96 S.W.3d 708, 710 n.2 (Tex. App.—Amarillo 2003, orig. proceeding) (stating that the relator must provide a record which shows that the respondent-judge knew of the motion and was asked to rule on it because a judge cannot be faulted for doing nothing when the judge was not aware of the need to act; the clerk's knowledge is not imputed to the judge). Today's case does not present the failure-to-rule-on-a-motion scenario in which the relator cannot show filing or presentment of the motion. In this case, the record shows not only respondent's awareness of the motion but also his decision not to rule on it.

The record includes a "Case Summary" with (1) an entry dated May 31, 2019, showing the filing of relator's "Motion for Judgment Nunc Pro Tunc," and (2) an entry dated October 10, 2019, stating "Court Coordinator's Case Notes PER JUDGE ELLISOR NO ACTION TO BE TAKEN ON NUNC PRO TUNC." The record also includes a letter from relator to the court clerk inquiring about the status of the motion. The letter contains a stamp indicating that it was filed with the clerk on November 8, 2019. The face of the letter also contains notations that appear to have been made by the clerk noting the "Case Summary" with the coordinator's no-action-to-be-taken entry. These documents show that the "Motion for Judgment Nunc Pro Tunc" was on file, that respondent has been aware of the motion since at least October 10, 2019, that relator has asked respondent to rule on the motion, and that respondent has decided not to rule on it. Because respondent has a ministerial duty to rule on the motion, we conclude that respondent's decision not to rule on the motion constitutes an abuse of discretion warranting mandamus relief.

We come to this decision without regard to the merits of the pending motion for judgment nunc pro tunc. We note that the substance of relator's "Motion for Judgment

3

Nunc Pro Tunc" is what it purports to be, but in considering whether mandamus relief is warranted we do not consider whether relator would be entitled to a judgment nunc pro tunc. We do not address the merits of the motion for judgment nunc pro tunc pending in the trial court; instead, we leave the ruling on the merits of that motion to the trial court. While we have jurisdiction to direct the trial court to rule on a motion, we may not tell the trial court how to rule on such motion. *See In re Harris County Appraisal Dist.*, No. 14-19-00078-CV, No. 2019 WL 1716274, at *4 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (mem. op.); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1988, orig. proceeding).

At least one other court in this scenario has taken a different approach and considered the merits of the motion for judgment nunc pro tunc as part of the mandamus analysis. In *In re Guzman*, No. 05-16-01110-CV, 2017 WL 3393795, at *1–2 (Tex. App.—Dallas Aug. 8, 2017, orig. proceeding) (mem. op.), the Fifth Court of Appeals denied a petition for writ of mandamus in which the relator asked the court to compel the trial court to rule on a motion for judgment nunc pro tunc, reasoning that the relator did not seek correction of a clerical error in the motion for judgment nunc pro tunc, so the trial court did not have jurisdiction to rule on the motion. The *Guzman* court concluded that such a motion cannot be categorized as properly filed and, on that basis, denied mandamus relief. *Id.* at *2. We respectfully disagree with *Guzman*.

After a trial court's plenary power over a final judgment has expired, the trial court generally lacks jurisdiction to sign an order in the same case in which the court grants, sets aside, vacates, modifies, corrects, or reforms its judgment, and the law generally deems void an order in which the trial court purports to do so. *In re Smith*,

4

No. 14-19-00106-CV, 2020 WL 897452, at *3 (Tex. App.—Houston [14th Dist.] Feb. 25, 2020, orig. proceeding) (per curiam) (mem. op.). But the law creates an exception for rendition of a judgment nunc pro tunc to correct a clerical error. *Id.*; *see also Riner v. Briargrove Park Prop. Owners, Inc.*, 976 S.W.2d 680, 682 (Tex. App.—Houston [1st Dist.] 1997, no writ) (noting that judgments nunc pro tunc are used to correct clerical errors after trial court loses its plenary jurisdiction). Even though a trial court lacks jurisdiction to grant a motion for judgment nunc pro tunc that is based on a judicial error rather than a clerical error, the trial court holds jurisdiction to rule on the motion. Were we to conclude at this juncture — before the trial court has ruled—that the object of the motion nunc pro tunc amounts to a judicial error rather than a clerical error, we would be ruling on the motion in the first instance, effectively usurping the role of the trial court. The trial court has jurisdiction to rule on a motion for judgment nunc pro tunc. It is not the role of this court in a mandamus proceeding to reach the merits of a motion pending before the trial court.

In sum, relator filed a "Motion for Judgment Nunc Pro Tunc," and brought the motion to respondent's attention for a ruling. Yet, respondent has not ruled on the motion within a reasonable time after relator requested a ruling. Respondent abused his discretion in deciding not to rule on the motion. So, mandamus relief is warranted to compel respondent to rule on the motion.

We conditionally grant relator's petition for writ of mandamus and direct Judge Ellisor to rule on the "Motion for Judgment Nunc Pro Tunc" no later than April 17, 2020. We stand confident that he will act in accordance with this opinion. The writ of mandamus shall issue only if he fails to do so.

5

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.

Publish — Tex. R. App. P. 47.2(b).